IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Ralph D. Rouse, Jr. | : | |
| 3409 Faulkner Drive | | |
| Rowlett, Texas 25088 | : | |
| Plaintiff, | : | |
| v. | : | Case No. |
| Linda M. Springer, Director | : | JURY TRIAL DEMANDED |
| U.S. Office of Personnel Management, | | |
| 1900 E Street NW | : | |
| Washington, D.C.  20415 | | |
| | : | |
| Defendant. | | |
| _____ | : | |

## COMPLAINT

Plaintiff Ralph Rouse, through counsel, files this Complaint against Defendant Linda M. Springer in her official capacity as Director, U.S. Office of Personnel Management ("OPM" or "Defendant"), and alleges the following:

1.  This is an action brought pursuant to the Rehabilitation Act of 1973, 29 U.S.C. §§ 791, *et seq.*, for redress of unlawful discrimination on the basis of disability.

### JURISDICTION AND VENUE

2.  This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and § 1343(a)(4).

3.  This action is authorized pursuant to 29 U.S.C. §§ 791 and 794, and 29 C.F.R. § 1614.203.

4.  This court has jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Venue is proper pursuant to 28 U.S.C. § 1391(e) because Defendant resides in this judicial district and a substantial part of the events or omissions giving rise to this complaint occurred in this judicial district.

## PARTIES

6. Mr. Rouse is an employee of the U.S. Department of Health and Human Services ("HHS").

7. Mr. Rouse has a long record of public service, having worked for the HHS since 1975. He has been Manager of HHS's Region VI Office for Civil Rights since November 27, 1994.

8. Defendant Linda Springer, is the Director of the United States Office of Personnel Management ("Defendant" or "OPM"). She is sued in her official capacity.

9. The United States Office of Personnel Management ("OPM") is an agency of the United States Government, and is therefore prohibited, pursuant to the Rehabilitation Act, from discriminating against otherwise qualified people with disabilities in the terms or conditions of employment, *inter alia*.

## FACTUAL BACKGROUND

10. Mr. Rouse realleges paragraphs 1 – 9 of this Complaint as if fully set forth herein.

11. As a result of an accident in 1963, Plaintiff has paraplegia and therefore is a member of a protected classification – he has a qualified disability.

12. Due to his disability, Plaintiff uses a push wheel chair to assist with walking, but his disability does not interfere with his ability to perform the essential functions of his job.

13. In 2002, Plaintiff received an application for long-term care insurance benefits, which invited him, "as a member of the federal family," to apply for benefits under a new program, called the Federal Long Term Care Insurance Program ("FLTCIP").

14. The application that Plaintiff filled out was captioned "The Federal Long Term Care Insurance Program," and stated that the Long Term Care Insurance Program was sponsored by the Office of Personnel Management, offered by John Hancock Life Insurance Company and Metropolitan Life Insurance Company, and was administered by "Long Term Care Partners, LLC."

15. Plaintiff submitted his application for long-term health care benefits on July 9, 2002.

16. Plaintiff's application for long term benefits contained several questions. As relevant here, at Part B, question 5 of the application, Plaintiff was required to answer: "Do you currently use any of the following medical devices, aids, or treatments? -Hospital bed -Motorized scooter -Oxygen -Stair lift -Dialysis -Wheelchair –Walker." Mr. Rouse circled that he used a wheelchair. According to the application, "if the answer is 'Yes' to any of the questions 4-7, you are not eligible for any of the insurance options under this program shown in Part F of this form." The application did not inquire further as to Plaintiff's health condition.

17. On August 16, 2002, Mr. Rouse received a letter from Long-Term Care Partners LLC, stating that he was denied coverage because he answered that he used a wheelchair in Part B, question 5 of the long-term health care benefits form.

**ADMINISTRATIVE PREREQUISITES**

18. Mr. Rouse realleges paragraphs 1 – 17 of this Complaint as if fully set forth herein.

19. On September 27, 2002, Plaintiff contacted the HHS Office of the Secretary of Equal Employment Opportunity to file a formal complaint under Rehabilitation Act. He was advised to file his complaint with the Office of Personnel Management ("OPM").

20. OPM advised him that his verbal complaint via telephone would serve as a formal complaint, and that he could also appeal the denial of benefits to Long Term Care Partners LLC.

21. Plaintiff appealed the denial of benefits to Long-Term Care Partners LLC on October 2, 2002. In his appeal Mr. Rouse included his most recent medical records, which demonstrated his excellent health.

22. On December 11, 2002, Long Term Care Partners LLC upheld their denial of benefits based upon the fact that Mr. Rouse is disabled and uses a wheelchair.

23. After the final OPM counseling interview was held on March 20, 2003, Plaintiff filed a formal complaint with OPM on April 8, 2003.

24. On May 19, 2003 Plaintiff received a letter from OPM acknowledging the receipt of his formal complaint.

25. On May 4, 2004, OPM sent a letter to Plaintiff explaining that it would accept his complaint for processing and further investigation.

26. During its investigation into Plaintiff's charge of discrimination, OPM's investigator noted that EEOC investigator noted that the U.S. EEOC had issued OPM an

4

opinion letter, stating, in part, "A review of the applicable provisions of the statutes the EEOC enforces reveals that the FLTCIP insurance program is a benefit or privilege of employment subject to the anti-discrimination contained in the Rehabilitation Act, Title VII, and the ADEA." (Letter from David L. Frank, Legal Counsel, EEOC to Frank D. Titus, Assistant Director for Long Term Care, OPM, *Interim Rules with Response for Comments: Federal Long Term Care Insurance Regulation*, 68 Fed. Reg. 5.530 (Feb. 4, 2003).

27. On August 19, 2004, OPM sent a letter to Plaintiff explaining that it had completed its investigation into Plaintiff's complaint, and that Plaintiff had a right to request a hearing before an Administrative Judge of the EEOC.

28. On September 4, 2004, Plaintiff timely requested a request for a hearing before an Administrative Judge.

29. On September 18, 2006, Plaintiff submitted a request for final agency action, withdrawing his request for a hearing before an EEOC Administrative Judge.

30. On September 19, 2006, the EEOC Administrative Judge accepted Plaintiff's withdrawal of request for hearing, and ordered OPM to issue a final agency decision, pursuant to 29 C.F.R. § 1614.110(b).

31. OPM issued its final agency decision on November 4, 2006, it was mailed on November 7, 2006, and Plaintiff's counsel received it on November 9, 2006.

32. Plaintiff has met all administrative requirements prior to filing this action.

### COUNT I:  VIOLATION OF THE REHABILITATION ACT - SECTION 504

33. Mr. Rouse realleges paragraphs 1 – 32 of this Complaint as if fully set forth herein.

34. Under Section 504 of the Rehabilitation Act, "[n]o otherwise qualified individual with a disability in the United States, as defined in Section 7(20), shall, solely by reason of her or her disability, be excluded from participation in, denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or . . . conducted by any Executive agency." 29 U.S.C. § 794(a). Section 504 of the Rehabilitation Act was amended in 1992 to apply the ADA standards in determining whether the section was violated in complaints alleging employment discrimination. 29 U.S.C. § 794(d); 29 U.S.C. § 791(g). The associated EEOC regulation cross references the ADA rule concerning complaints of discrimination. 29 C.F.R. § 1614.203.

35. Under the ADA, it is unlawful for an employer to discriminate on the basis of disability against a qualified individual with a disability in regard to "terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

36. The EEOC's regulations implementing the employment provisions of the ADA further provide that it is unlawful for an employer to discriminate on the basis of disability against a qualified individual with a disability in regard to "[f]ringe benefits available by virtue of employment, whether or not administered by the [employer]." 29 C.F.R. § 1630.4(f).

37. Further, the ADA prohibits employers from entering into, or participating in, a contractual or other arrangement or relationship that has the effect of discriminating against their own qualified applicants or employees with disabilities. 42 U.S.C. § 12112(b)(2); 29 C.F.R. § 1630.6(a). Contractual or other relationships with organizations

6

that provide fringe benefits to employers are expressly included in this prohibition. 42 U.S.C. § 12112(b)(2); 29 C.F.R. § 1630.6(b).

38. OPM violated the Rehabilitation Act when it, among other things, contracted with Long Term Care Partners, or otherwise suffered Long Term Care Partners decision to refuse Mr. Rouse a benefit of employment based on his disability.

39. OPM discriminated against Mr. Rouse when it denied him a benefit of employment based upon his membership in a protected classification.

40. OPM otherwise violated the Rehabilitation Act and discriminated against Mr. Rouse as described in this Complaint.

**COUNT II: VIOLATION OF THE REHABILITATION ACT – SECTION 501**

41. Mr. Rouse realleges paragraphs 1 - 40 of this Complaint as if fully set forth herein.

42. The Rehabilitation Act of 1973 was enacted to empower individuals with disabilities in the employment context and to ensure that the federal government plays a leadership role in promoting the employment of such individuals.

43. According to Section 501 of the Rehabilitation Act, each executive branch, department, agency, and instrumentality is required to have an affirmative action plan, to be updated annually, that "provides sufficient assurances, procedures and commitments to provide adequate hiring, placement, and advancement opportunities for individuals with disabilities." 29 U.S.C. § 791(b).

44. By engaging a contract with Long Term Care Partners, which denies federal employees coverage based on their disabilities, OPM has violated Section 501 of the Rehabilitation Act.

45.     OPM has otherwise violated Section 501 of the Rehabilitation Act as described in this Complaint.

## REQUEST FOR DECLARATORY JUDGMENT

46.     Mr. Rouse realleges paragraphs 1-45 of this Complaint as if fully set forth herein.

47.     An actual and present controversy exists between Mr. Rouse and OPM relating to their respective legal rights and duties:

(a)     Mr. Rouse contends that Defendant Linda Springer and OPM have discriminated against him on the basis of his disability in violation of the Rehabilitation Act of 1973, and that Mr. Rouse has been damaged thereby, and that, as a result, Mr. Rouse is entitled to relief from this Court; and

(b)     On information and belief, Defendant denies Plaintiff's contentions, and avers that OPM's denial of Mr. Rouse the ability to participate in the FLTCIP does not violate federal law.

48.     A judicial declaration among the parties is necessary and appropriate at this time in order that they promptly may ascertain and enforce their respective rights and obligations.

49.     Mr. Rouse is entitled to a declaratory judgment that OPM has discriminated against him on the basis of disability; that OPM's policy of refusing to allow individuals in wheelchairs to participate in the FLTCIP violates the Rehabilitation Act; and that Mr. Rouse has been damaged thereby, and, as a result, is entitled to relief from this Court.

**DEMAND FOR JURY TRIAL**

Plaintiff Ralph Rouse demands a trial by jury on all issues.

**RELIEF REQUESTED**

Mr. Rouse realleges paragraphs 1-49 of this Complaint as if fully set forth herein.

WHEREFORE, Mr. Rouse respectfully requests the following:

a) a trial by jury;

b) that this Court enter a declaratory judgment that OPM has discriminated against Mr. Rouse on the basis of disability; that OPM's policy of refusing to provide LTC insurance to individuals in wheelchairs violates the Rehabilitation Act; that OPM's contracting with an entity or entities that refuse to provide LTC insurance to individuals in wheelchairs violates the Rehabilitation Act; and that Mr. Rouse has been damaged thereby, and, as a result, is entitled to relief from this Court;

c) that this Court permanently enjoin OPM from contracting with an entity that refuses to provide LTC insurance to individuals in wheelchairs, including Mr. Rouse;

d) that this Court order OPM to approve Mr. Rouse's application for LTC benefits under the FLTCIP retroactive to the date of his application in July 2002

e) that this Court order OPM to redesign "Question 5" of Part B of the FLTCIP application form so that it does not include any discriminatory references to "wheelchair," "motorized scooter," "walker," and "stair lift."

    f) that this Court order OPM pay Mr. Rouse punitive damages as authorized by the Rehabilitation Act;

    g) that this Court order OPM to pay attorneys' fees and costs as authorized by law; and

    h) that this Court order any such further relief as it deems just and proper.

December 8, 2006    Respectfully submitted,

    *//s// James C. Bailey*
    _____
    James C. Bailey (DC # 462391)
    jcb@becounsel.com
    Jason H. Ehrenberg (DC # 469077)
    jhe@becounsel.com
    BAILEY & EHRENBERG PLLC
    1155 Connecticut Avenue NW
    Suite 1100
    Washington, D.C. 20036
    t: (202) 787-3869
    f: (202) 318-7071

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Ralph Rouse | Linda Springer, Director<br>United States Office of Personnel Management |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF     88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

James C. Bailey, Esq.
Jason H. Ehrenberg, Esq.
Bailey & Ehrenberg PLLC
1155 Connecticut Ave, N.W., Suite 1100
Washington, D.C. 20036
(202) 787-3869

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
● 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**    OR    ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| G. *Habeas Corpus/ 2255* | H. *Employment Discrimination* | I. *FOIA/PRIVACY ACT* | J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| K. *Labor/ERISA (non-employment)* | L. *Other Civil Rights (non-employment)* | M. *Contract* | N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ◯ 2 Removed from State Court
- ◯ 3 Remanded from Appellate Court
- ◯ 4 Reinstated or Reopened
- ◯ 5 Transferred from another district (specify)
- ◯ 6 Multi district Litigation
- ◯ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Rehabilitation Act of 1973, 29 U.S.C. §§ 791, et seq., for redress of unlawful discrimination on the basis of disability.

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 500,000    Check YES only if demanded in complaint
JURY DEMAND:    YES ☒    NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE  December 8, 2006    SIGNATURE OF ATTORNEY OF RECORD  /s/ [signature]

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.