IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Ralph D. Rouse, Jr. | : | |
| 3409 Faulkner Drive | | |
| Rowlett, Texas 25088 | : | |
| | | |
| Plaintiff, | : | |
| | | |
| v. | : | Case No. 06-2088 (RWR) |
| | | |
| Linda M. Springer, Director | : | JURY TRIAL DEMANDED |
| U.S. Office of Personnel Management, | | |
| 1900 E Street NW | : | |
| Washington, D.C. 20415 | | |
| | : | |
| Defendant. | | |
| _____ | : | |

## AMENDED COMPLAINT

Plaintiff Ralph Rouse, through counsel, files this Amended Complaint against Defendant Linda M. Springer in her official capacity as Director, U.S. Office of Personnel Management ("OPM" or "Defendant"), and alleges the following:

1.  This is an action brought pursuant to the Rehabilitation Act of 1973, 29 U.S.C. §§ 791, *et seq.*, for redress of unlawful discrimination on the basis of disability.

## JURISDICTION AND VENUE

2.  This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and § 1343(a)(4).

3.  This action is authorized pursuant to 29 U.S.C. §§ 791 and 794, and 29 C.F.R. § 1614.203.

4.  This court has jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Venue is proper pursuant to 28 U.S.C. § 1391(e) because Defendant resides in this judicial district and a substantial part of the events or omissions giving rise to this complaint occurred in this judicial district.

## PARTIES

6. Mr. Rouse is an employee of the U.S. Department of Health and Human Services ("HHS").

7. Mr. Rouse has a long record of public service, having worked for the HHS since 1975. He has been Manager of HHS's Region VI Office for Civil Rights since November 27, 1994.

8. Defendant Linda Springer, is the Director of the United States Office of Personnel Management ("Defendant" or "OPM"). She is sued in her official capacity.

9. The United States Office of Personnel Management ("OPM") is an agency of the United States Government, and is therefore prohibited, pursuant to the Rehabilitation Act, from discriminating against otherwise qualified people with disabilities in the terms or conditions of employment, *inter alia*.

## FACTUAL BACKGROUND

10. Mr. Rouse realleges paragraphs 1 – 9 of this Amended Complaint as if fully set forth herein.

11. As a result of an accident in 1963, Plaintiff has paraplegia and therefore is a member of a protected classification – he has a qualified disability.

12. Due to his disability, Plaintiff uses a push wheel chair to assist with walking, but his disability does not interfere with his ability to perform the essential functions of his job.

13. In 2002, Plaintiff received an application for long-term care insurance benefits, which invited him, "as a member of the federal family," to apply for benefits under a new program, called the Federal Long Term Care Insurance Program ("FLTCIP").

14. The application that Plaintiff filled out was captioned "The Federal Long Term Care Insurance Program," and stated that the Long Term Care Insurance Program was sponsored by the Office of Personnel Management, offered by John Hancock Life Insurance Company and Metropolitan Life Insurance Company, and was administered by "Long Term Care Partners, LLC."

15. Plaintiff submitted his application for long-term health care benefits on July 9, 2002.

16. Plaintiff's application for long term benefits contained several questions. As relevant here, at Part B, question 5 of the application, Plaintiff was required to answer: "Do you currently use any of the following medical devices, aids, or treatments? -Hospital bed -Motorized scooter -Oxygen -Stair lift -Dialysis -Wheelchair –Walker." Mr. Rouse circled that he used a wheelchair. According to the application, "if the answer is 'Yes' to any of the questions 4-7, you are not eligible for any of the insurance options under this program shown in Part F of this form." The application did not inquire further as to Plaintiff's health condition.

17. On August 16, 2002, Mr. Rouse received a letter from Long-Term Care Partners LLC, stating that he was denied coverage because he answered that he used a wheelchair in Part B, question 5 of the long-term health care benefits form.

**ADMINISTRATIVE PREREQUISITES**

18. Mr. Rouse realleges paragraphs 1 – 17 of this Amended Complaint as if fully set forth herein.

19. On September 27, 2002, Plaintiff contacted the HHS Office of the Secretary of Equal Employment Opportunity to file a formal complaint under Rehabilitation Act. He was advised to file his complaint with the Office of Personnel Management ("OPM").

20. OPM advised him that his verbal complaint via telephone would serve as a formal complaint, and that he could also appeal the denial of benefits to Long Term Care Partners LLC.

21. Plaintiff appealed the denial of benefits to Long-Term Care Partners LLC on October 2, 2002. In his appeal Mr. Rouse included his most recent medical records, which demonstrated his excellent health.

22. On December 11, 2002, Long Term Care Partners LLC upheld their denial of benefits based upon the fact that Mr. Rouse is disabled and uses a wheelchair.

23. After the final OPM counseling interview was held on March 20, 2003, Plaintiff filed a formal complaint with OPM on April 8, 2003.

24. On May 19, 2003 Plaintiff received a letter from OPM acknowledging the receipt of his formal complaint.

25. On May 4, 2004, OPM sent a letter to Plaintiff explaining that it would accept his complaint for processing and further investigation.

26. During its investigation into Plaintiff's charge of discrimination, OPM's investigator noted that EEOC investigator noted that the U.S. EEOC had issued OPM an

opinion letter, stating, in part, "A review of the applicable provisions of the statutes the EEOC enforces reveals that the FLTCIP insurance program is a benefit or privilege of employment subject to the anti-discrimination contained in the Rehabilitation Act, Title VII, and the ADEA." (Letter from David L. Frank, Legal Counsel, EEOC to Frank D. Titus, Assistant Director for Long Term Care, OPM, *Interim Rules with Response for Comments: Federal Long Term Care Insurance Regulation*, 68 Fed. Reg. 5.530 (Feb. 4, 2003).

27. On August 19, 2004, OPM sent a letter to Plaintiff explaining that it had completed its investigation into Plaintiff's complaint, and that Plaintiff had a right to request a hearing before an Administrative Judge of the EEOC.

28. On September 4, 2004, Plaintiff timely requested a request for a hearing before an Administrative Judge.

29. On September 18, 2006, Plaintiff submitted a request for final agency action, withdrawing his request for a hearing before an EEOC Administrative Judge.

30. On September 19, 2006, the EEOC Administrative Judge accepted Plaintiff's withdrawal of request for hearing, and ordered OPM to issue a final agency decision, pursuant to 29 C.F.R. § 1614.110(b).

31. OPM issued its final agency decision on November 4, 2006, it was mailed on November 7, 2006, and Plaintiff's counsel received it on November 9, 2006.

32. Plaintiff has met all administrative requirements prior to filing this action.

**COUNT I: VIOLATION OF THE REHABILITATION ACT - SECTION 504**

33. Mr. Rouse realleges paragraphs 1 – 32 of this Amended Complaint as if fully set forth herein.

34. Under Section 504 of the Rehabilitation Act, "[n]o otherwise qualified individual with a disability in the United States, as defined in Section 7(20), shall, solely by reason of her or her disability, be excluded from participation in, denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or . . . conducted by any Executive agency." 29 U.S.C. § 794(a).

35. Section 504 of the Rehabilitation Act was amended in 1992 to apply the ADA standards in determining whether the section was violated in complaints alleging employment discrimination. 29 U.S.C. § 794(d); 29 U.S.C. § 791(g). The associated EEOC regulation cross references the ADA rule concerning complaints of discrimination. 29 C.F.R. § 1614.203.

36. Under the ADA, it is unlawful for an employer to discriminate on the basis of disability against a qualified individual with a disability in regard to "terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

37. The EEOC's regulations implementing the employment provisions of the ADA further provide that it is unlawful for an employer to discriminate on the basis of disability against a qualified individual with a disability in regard to "[f]ringe benefits available by virtue of employment, whether or not administered by the [employer]." 29 C.F.R. § 1630.4(f).

38. Further, the ADA prohibits employers from entering into, or participating in, a contractual or other arrangement or relationship that has the effect of discriminating against their own qualified applicants or employees with disabilities. 42 U.S.C. § 12112(b)(2); 29 C.F.R. § 1630.6(a). Contractual or other relationships with organizations

6

that provide fringe benefits to employers are expressly included in this prohibition. 42 U.S.C. § 12112(b)(2); 29 C.F.R. § 1630.6(b).

39. OPM violated the Rehabilitation Act when it excluded Rouse – solely by reason of his disability – from participation, denied the benefits of, and/or subjected him to discrimination under the long-term care program, which is a program or activity that receives financial assistance.

40. OPM violated the Rehabilitation Act when it, among other things, contracted with Long Term Care Partners, or otherwise suffered Long Term Care Partners decision to refuse Mr. Rouse – and others with disabilities – a benefit of employment based on his – and their – disabilities.

41. By engaging in a contract with Long Term Care Partners, which denies federal employees coverage based on their disabilities, OPM has violated Section 504 of the Rehabilitation Act.

42. OPM otherwise violated the Rehabilitation Act and discriminated against Mr. Rouse as described in this Complaint.

**COUNT II:  VIOLATION OF THE REHABILITATION ACT – SECTION 501**

43. Mr. Rouse realleges paragraphs 1 - 42 of this Amended Complaint as if fully set forth herein.

44. The Rehabilitation Act of 1973 was enacted to empower individuals with disabilities in the employment context and to ensure that the federal government plays a leadership role in promoting the employment of such individuals.

45. In particular, under 29 U.S.C. § 701(b), the Purpose of the Rehabilitation Act is, among other things, "(1) to empower individuals with disabilities to maximize

employment, economic self-sufficiency, independence, and inclusion and integration into society."

46. In addition, under 29 U.S.C. § 701(b), another Purpose of the Rehabilitation Act is "(2) to ensure that the Federal Government plays a leadership role in promoting the employment of individuals with disabilities, especially individuals with significant disabilities, and in assisting States and providers of services in fulfilling the aspirations of such individuals with disabilities for meaningful and gainful employment and independent living."

47. Further, under 29 U.S.C. § 701(c), the Policy of the Rehabilitation Act is: "It is the policy of the United States that all programs, projects, and activities receiving assistance under this Act shall be carried out in a manner consistent with the principles of— (1) respect for individual dignity, personal responsibility, self-determination, and pursuit of meaningful careers, based on informed choice, of individuals with disabilities; (2) respect for the privacy, rights, and equal access (including the use of accessible formats), of the individuals . . . ."

48. According to Section 501 of the Rehabilitation Act, each executive branch, department, agency, and instrumentality is required to have an affirmative action plan, to be updated annually, that "provides sufficient assurances, procedures and commitments to provide adequate hiring, placement, and advancement opportunities for individuals with disabilities." 29 U.S.C. § 791(b).

49. Under the ADA, it is unlawful for an employer to discriminate on the basis of disability against a qualified individual with a disability in regard to "terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

50. The EEOC's regulations implementing the employment provisions of the ADA further provide that it is unlawful for an employer to discriminate on the basis of disability against a qualified individual with a disability in regard to "[f]ringe benefits available by virtue of employment, whether or not administered by the [employer]." 29 C.F.R. § 1630.4(f). Further, the ADA prohibits employers from entering into, or participating in, a contractual or other arrangement or relationship that has the effect of discriminating against their own qualified applicants or employees with disabilities. 42 U.S.C. § 12112(b)(2); 29 C.F.R. § 1630.6(a). Contractual or other relationships with organizations that provide fringe benefits to employers are expressly included in this prohibition. 42 U.S.C. § 12112(b)(2); 29 C.F.R. § 1630.6(b).

51. OPM discriminated against Mr. Rouse when it denied him a benefit of employment based upon his membership in a protected classification.

52. OPM has otherwise violated Section 501 of the Rehabilitation Act as described in this Complaint.

53. To the extent the safe harbor provision, set forth at 42 U.S.C. § 12201(c) applies to this matter (and to the extent there is a heightened standard of pleading requiring the Plaintiff to affirmatively address this defense – as Defendant asserted in its motion to dismiss) Plaintiff alleges that the long term care insurance plan falls outside of the safe harbor provision, because, among other things, it is a subterfuge to evade the Purposes and/or Policies of the Rehabilitation Act. In addition, the Defendant had the specific intent to discriminate against persons in wheelchairs and act in violation of the Rehabilitation Act in offering the long term care insurance plan. Further, Defendant failed to provide – and does not have – actuarial data in order to justify its discrimination.

For example, among other things, by discriminating against individuals with disabilities in the provision of a valuable employee benefit, the long term care insurance plan violates the substantive provisions of the Rehabilitation Act, because, for example, it discourages individuals with disabilities – such as those that use wheelchairs – to seek employment with the federal government (or, at the least provides a stigma to those with disabilities vis-à-vis federal employment), in spite of the Congressionally-stated purpose and policy of the Rehabilitation Act to encourage and foster the employment of individuals with disabilities in the federal government.

### COUNT III – REQUEST FOR DECLARATORY JUDGMENT

54. Mr. Rouse realleges paragraphs 1-53 of this Complaint as if fully set forth herein.

55. An actual and present controversy exists between Mr. Rouse and OPM relating to their respective legal rights and duties:

(a) Mr. Rouse contends that Defendant Linda Springer and OPM have discriminated against him on the basis of his disability in violation of the Rehabilitation Act of 1973, and that Mr. Rouse has been damaged thereby, and that, as a result, Mr. Rouse is entitled to relief from this Court; and

(b) On information and belief, Defendant denies Plaintiff's contentions, and avers that OPM's denial of Mr. Rouse the ability to participate in the FLTCIP does not violate federal law.

56. A judicial declaration among the parties is necessary and appropriate at this time in order that they promptly may ascertain and enforce their respective rights and obligations.

57. Mr. Rouse is entitled to a declaratory judgment that OPM has discriminated against him on the basis of disability; that OPM's policy of refusing to allow individuals in wheelchairs to participate in the FLTCIP violates the Rehabilitation Act; and that Mr. Rouse has been damaged thereby, and, as a result, is entitled to relief from this Court.

## DEMAND FOR JURY TRIAL

Plaintiff Ralph Rouse demands a trial by jury on all issues.

## RELIEF REQUESTED

Mr. Rouse realleges paragraphs 1-57 of this Complaint as if fully set forth herein. WHEREFORE, Mr. Rouse respectfully requests the following:

   i. a trial by jury;

   ii. that this Court enter a declaratory judgment that OPM has discriminated against Mr. Rouse on the basis of disability; that OPM's policy of refusing to provide LTC insurance to individuals in wheelchairs violates the Rehabilitation Act; that OPM's contracting with an entity or entities that refuse to provide LTC insurance to individuals in wheelchairs violates the Rehabilitation Act; and that Mr. Rouse has been damaged thereby, and, as a result, is entitled to relief from this Court;

   iii. that this Court permanently enjoin OPM from contracting with an entity that refuses to provide LTC insurance to individuals in wheelchairs, including Mr. Rouse;

      iv. that this Court order OPM to approve Mr. Rouse's application for LTC benefits under the FLTCIP retroactive to the date of his application in July 2002

      v. that this Court order OPM to redesign "Question 5" of Part B of the FLTCIP application form so that it does not include any discriminatory references to "wheelchair," "motorized scooter," "walker," and "stair lift."

      vi. that this Court order OPM pay Mr. Rouse punitive damages as authorized by the Rehabilitation Act;

      vii. that this Court order OPM to pay attorneys' fees and costs as authorized by law; and

      viii. that this Court order any such further relief as it deems just and proper.

March 30, 2007                      Respectfully submitted,

                                        //s// *James C. Bailey*
                                        _____
                                        James C. Bailey (DC # 462391)
                                        jcb@becounsel.com
                                        Jason H. Ehrenberg (DC # 469077)
                                        jhe@becounsel.com
                                        BAILEY & EHRENBERG PLLC
                                        1155 Connecticut Avenue NW
                                        Suite 1100
                                        Washington, D.C. 20036
                                        t: (202) 787-3869
                                        f: (202) 318-7071

**CERTIFICATE OF SERVICE**

I, James C. Bailey, hereby certify that on this 30th day of March 2007, I caused a true and correct copy of the foregoing to be served via electronic mail through the District Court's ECF filing system, upon the following:

> Justin M. Sandberg
> Assistant U.S. Attorney
> 555 Fourth Street, N.W.
> Washington, D.C. 20530

*//s// James C. Bailey*
_____
James C. Bailey

13