**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| RALPH D. ROUSE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-2088 (RWR) |
| ) | |
| LINDA M. SPRINGER, Director, U.S. Office ) | |
| of Personnel Management, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## REPLY IN SUPPORT OF MOTION TO DISMISS

### INTRODUCTION

Plaintiff contends in his short response to defendant's motion to dismiss that the Amended Complaint filed by plaintiff on March 30, 2007 ("Amended Compl.") rendered defendant's motion moot.  Response to Motion to Dismiss, March 30, 2007 ("Response"), at 2. As we explain below, however, plaintiff is mistaken.  Defendant moved to dismiss this action for failure to state a claim upon which relief can be granted.  Although plaintiff amended his complaint after defendant's motion was filed, the Amended Complaint fails to cure any of the fundamental defects identified in defendant's motion.

Plaintiff's claims under §§ 501 and 504 of the Rehabilitation Act are governed by the standards applied under the Americans With Disabilities Act ("ADA"), and the ADA, by its terms, does not prohibit or restrict a covered organization from "establishing, sponsoring, observing or administering the terms of a bona fide benefit plan."  42 U.S.C. § 12201(c)(3).  It is

1

undisputed that the long term care insurance plan sponsored by OPM is a "bona fide benefit plan" within the meaning of this provision; therefore, plaintiff's claim in this action fails, as a matter of law, unless he can allege (and ultimately prove) that OPM's long term care insurance program runs afoul of the statutory limitation on the use of this safe harbor provision "as a subterfuge to evade the purposes of" the ADA's non-discrimination provisions.  42 U.S.C. § 12202(c).  Although plaintiff has now incorporated in the Amended Complaint a conclusory legal allegation that the long term care insurance plan is a "subterfuge,"Amended Compl. ¶ 53, the underlying factual allegations in plaintiff's Amended Complaint are, as a matter of law, legally insufficient to establish that the safe harbor provision is being used by OPM as a subterfuge.  Similarly, plaintiff's claim under § 504 of the Rehabilitation Act in the Amended Complaint, like the almost identical claim advanced in the initial complaint, is foreclosed by controlling D.C. Circuit precedent holding that disability-based employment discrimination claims cannot be brought under that section.

In sum, plaintiff's Amended Complaint remains deficient, and this action is still subject to dismissal, for the same reasons as his initial complaint.  In these circumstances, courts do not require a defendant to file a new motion to dismiss simply because an amended complaint was filed while the motion was pending.  Instead, courts in this situation construe the initial motion to dismiss as being addressed to the amended complaint.  Thus, the Court should dismiss this action under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

**BACKGROUND**

In his original complaint, plaintiff raised two closely related challenges to the long term care insurance program administered by the Office of Personnel Management ("OPM").

Complaint, Dec. 8, 2006 ("Compl."), ¶¶ 38 & 44.  The crux of both challenges was the same,

namely, that OPM violated the Rehabilitation Act by contracting with an entity, Long Term Care

Partners, LLC, which does not provide full long term care insurance coverage to individuals who

use wheelchairs.  Id.  The legal bases for the challenges differed in that plaintiff raised one

pursuant to § 501 of the Rehabilitation Act and the other pursuant to § 504 of the Rehabilitation

Act.  Compl. ¶¶ 33-44; 29 U.S.C. §§ 791 & 794 (codifying §§ 501 & 504 of the Rehabilitation

Act).

       Defendant moved to dismiss on two grounds.  First, plaintiff's claims are foreclosed by

the express term of the Americans with Disabilities Act ("ADA"), the standards of which govern

claims under the Rehabilitation Act.  See Memo. at 7-12.  In the so-called safe harbor provision,

the ADA provides that it (the ADA) should not be construed to prohibit or restrict a covered

person or organization "from establishing, sponsoring, observing or administering the terms of a

bona fide benefit plan that is not subject to state laws that regulate insurance," unless the safe

harbor provision is being used as a subterfuge to evade the purposes of the law.  42 U.S.C.

§ 12201(c) & (c)(3).  Relying on Public Employees Retirement System of Ohio v. Betts, 492 U.S.

158 (1989), and its progeny, defendant established in its opening memorandum that plaintiff has

the burden to allege that a defendant provided different benefits to him than it provided to others

with the intent of discriminating against plaintiff with respect to an aspect of plaintiff's

employment relationship not covered by the safe harbor provision.  Memo. at 11-12.  This

argument applies to both of plaintiffs claims.  Second, plaintiff's § 504 claim is foreclosed by

binding D.C. Circuit precedent holding that disability-based employment discrimination claims

brought by federal employees are governed exclusively by § 501, and may not be brought under

3

§ 504, <u>Taylor v. Small</u>, 350 F.3d 1286, 1291 (D.C. Cir. 2003).  Memo. at 13.

Plaintiff responded to defendant's motion to dismiss by amending his complaint, and filing a four-paragraph document styled "Response to Motion to Dismiss," which argues simply that the Amended Complaint rendered the motion to dismiss moot.  Response at 2.  The Amended Complaint includes a number of changes, only a few of which are relevant to defendant's motion.  With respect to defendant's safe harbor argument, plaintiff has added a conclusory legal allegation that the long term care insurance plan is a "subterfuge to evade the Purposes and/or Policies of the Rehabilitation Act."  Amended Compl. ¶ 53.  Plaintiff further alleges that by providing more limited insurance benefits for employees who use wheelchairs than the insurance coverage available to employees who are not disabled, the long term care insurance plan violates the policies and purposes of the Rehabilitation Act, and thereby discourages disabled individuals from seeking federal employment and stigmatizes the disabled. <u>Id.</u>  With respect to defendant's § 504-only argument, the only addition to the Amended Complaint that merits mention is plaintiff's allegation that long term care insurance is a "program or activity that receives financial assistance."  <u>Id.</u> ¶ 39.

## <u>ARGUMENT</u>

If a plaintiff amends his complaint after a defendant has filed a motion to dismiss, the defendant need not file a new motion to dismiss if the amended complaint does not remedy the defects identified in the defendant's original filing.  An amended complaint supercedes its predecessor; the original pleading no longer serves any function.  6 Charles Alan Wright, Arthur Miller & Mary Kay Kane, <u>Federal Practice and Procedure</u> § 1476 (2d ed. 1986).  But, when these new pleadings have failed to remedy the flaws in the original complaints (which were identified

4

by the motions), courts in this and many other districts have construed motions to dismiss to relate to the amended complaints and have not required the defendant to file a new motion to dismiss.  See, e.g., Nix v. Hoke, 62 F. Supp. 2d 110, 115 (D.D.C. 1999); Jordan v. City of Philadelphia, 66 F. Supp. 2d 638, 641 n.1 (E.D. Pa. 1999); Datastorm Technologies, Inc. v. Excalibur Communications, Inc., 888 F. Supp. 112, 114 (N.D. Cal. 1995).  As Wright, Miller and Kane explain, "[t]o hold otherwise would be to exalt form over substance."  Wright, Miller & Kane § 1476.

Plaintiff has not cured the defects that were identified by the defendant in its motion to dismiss.  In this Circuit, a plaintiff must plead all of the essential elements of his claim.  Weyrich v. New Republic, Inc., 235 F.3d 617, 623 (D.C. Cir. 2001).  Because plaintiff's claim relates to a bona fide benefit plan that is expressly permitted by the safe harbor provision in the ADA, 42 U.S.C. § 12201(c)(3), he cannot prevail in this action unless he demonstrates that OPM is seeking to use that provision as a subterfuge to evade the purposes of the law.  Memo. at 11; Betts, 492 U.S. at 176.  As defendant explained in its opening memorandum, it is well established that, as an essential element of a subterfuge claim related to a benefit plan not subject to state laws that regulate insurance, a plaintiff must demonstrate that the defendant has provided different benefits for the purpose of effectuating unlawful discrimination with respect to a non-fringe benefit aspect of the employment relationship.  Memo. at 11-12.

In his Amended Complaint, plaintiff has alleged that the long term care insurance plan, in failing to provide equal coverage for those with disabilities, "falls outside of the safe harbor provision because * * * it is a subterfuge to evade the Purposes and/or Policies of the Rehabilitation Act."  Amended Compl. ¶ 53.  However, plaintiff has again failed to allege the

5

essential elements of a subterfuge claim.  In his new complaint, plaintiff makes three factual allegations relevant to subterfuge, but none of them suffices to stave off dismissal.   First, plaintiff alleges that "the Defendant has the specific intent to discriminate against persons in wheelchairs and act in violation of the Rehabilitation Act in offering the long term care insurance plan." Amended Compl. ¶ 53.  That defendant intentionally sponsored a long term care insurance plan under which LTC Partners provides a different level of benefits to individuals in wheelchairs is, by itself, legally insufficient to state a claim because the safe harbor provision in the ADA allows benefit plans to provide different levels of benefits to the disabled.  Memo. at 7-11.

Plaintiff next contends that defendant's failure to provide "actuarial data in order to justify its discrimination" suggests that a subterfuge exists.  Amended Compl. ¶ 53.  This allegation too is a nonstarter: The D.C. Circuit has held that a defendant need not provide actuarial data to support its benefit-plan-coverage decisions.  EEOC v. Aramark Corp., 208 F.3d 266, 272 (D.C. Cir. 2000).

Finally, plaintiff alleges that, in declining to provide equivalent coverage to the disabled, the long term care insurance plan violates the policies and purposes of the Rehabilitation Act, and thereby discourages disabled individuals from seeking federal employment and stigmatizes them.[1]  Amended Compl. ¶ 53.  However, the safe harbor provision specifically allows benefit

---

[1] As a threshold matter, the discouragement allegation fails because plaintiff lacks standing to raise it.  "[A] party 'generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'"  Kowalski v. Tesmer, 543 U.S. 125, 129-130 (2004) (quoting Warth v. Seldin, 422 U.S. 490, 499 (1975)).  Plaintiff has a federal job, and cannot rest his claim to relief on the theory that OPM has unlawfully discouraged some unidentified third party from seeking federal employment.

plans to provide different levels of benefits to the disabled.  Memo. at 7-11.  Therefore, plaintiff's claim that such differential benefits violate the statute is flatly contradicted by the text of the safe harbor provision.  See 42 U.S.C. § 12201(c).  Indeed, plaintiff's interpretation of the Act would render the safe harbor provision a nullity as any difference in benefits might be challenged on the grounds that it discourages employment of the disabled and creates a stigma.  It is precisely for that reason that the Supreme Court has concluded that allegations such as those advanced by plaintiff are legally insufficient to establish a "subterfuge."  See Betts, 492 U.S. at 177-78.

        The Amended Complaint also fails to remedy the defect unique to plaintiff's § 504 claim.  Defendant moved to dismiss plaintiff's § 504 claim because D.C. Circuit precedent conclusively establishes that a federal employee may not bring an employment discrimination claim under § 504.  Taylor, 350 F.3d at 1291.  In response, plaintiff has alleged that the long term care insurance plan "is a program or activity that receives financial assistance."  Amended Compl. ¶ 39.  In fact, the program does not receive federal financial assistance, see 5 U.S.C. § 9004, and, in any event, the D.C. Circuit has definitively held that Congress provided § 501 as the sole mechanism for addressing federal-employment-related claims.  Taylor, 350 F.3d at 1291 (holding that "§ 504 does not provide federal employees an 'alternative route for relief under the Rehabilitation Act'").  Because plaintiff's § 504 claim is undeniably an employment discrimination claim which stems from his federal employment, see Amended Compl. ¶ 40 (referring to insurance coverage as a "benefit of employment"), he cannot state a claim for relief under § 504.

## <u>CONCLUSION</u>

The Court should dismiss this action.


Dated: April 9, 2007                                    Respectfully submitted,

                                                        PETER D. KEISLER
                                                        Assistant Attorney General

                                                        JEFFREY A. TAYLOR
                                                        United States Attorney

                                                        JOSEPH W. LOBUE
                                                        Assistant Director,
                                                        Federal Programs Branch

                                                        <u>s/ Justin M. Sandberg</u>
                                                        JUSTIN M. SANDBERG
                                                        (Ill. Bar. No. 6278377)
                                                        Trial Attorney, Federal Programs Branch
                                                        Civil Division
                                                        U.S. Department of Justice
                                                        P.O. Box 883
                                                        Washington, D.C. 20044
                                                        (202) 514-3489 (telephone)
                                                        (202) 616-8202 (facsimile)

                                                        <u>Counsel for Defendant</u>