IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Ralph D. Rouse, Jr. | : | |
| 3409 Faulkner Drive | | |
| Rowlett, Texas 25088 | : | |
| | | |
| Plaintiff, | : | |
| | | |
| v. | : | Case No.  06-2088 (RWR) |
| | | |
| Linda M. Springer, Director | : | JURY TRIAL DEMANDED |
| U.S. Office of Personnel Management, | | |
| 1900 E Street NW | : | |
| Washington, D.C.  20415 | | |
| | : | |
| Defendant. | | |
| _____ | : | |

**MOTION FOR CLARIFICATION**

Plaintiff Ralph Rouse hereby moves for clarification of the filing of the "Reply" of Defendant Office of Personnel Management ("OPM"), which was filed April 9, 2007.

Instead of filing a motion to dismiss the amended complaint, OPM filed what it captioned a Reply in Support of its original motion to dismiss. Plaintiff has never filed a Memorandum of Points and Authorities in Opposition to OPM's original motion to dismiss, because Plaintiff amended his complaint. As a result of its filing, OPM has attempted to curtail Plaintiff's ability to file a substantive opposition to OPM's motion to dismiss.

Plaintiff requests that the Court deem the Reply brief filed by OPM a motion to dismiss the amended complaint, and that he be provided the period of time allowed for under the local rules in which to file an opposition to its motion to dismiss. Alternatively, Plaintiff seeks leave to file a sur-reply, with at least fourteen days in which to prepare his sur-reply.

Counsel have conferred over this issue via e-mail, and OPM opposes this motion, and offers that Plaintiff's only recourse is to file a motion for leave to file a sur-reply.

## BACKGROUND AND ARGUMENT

1. Plaintiff initiated this action by filing his Complaint against Defendant on December 8, 2006. *See* Docket Entry No. 1.

2. Defendant requested an extension in responding to the Complaint, which Plaintiff did not oppose, and on March 16, 2007, filed a motion to dismiss. *See* Docket Entries 5 and 7.

3. On March 30, 2007, Plaintiff filed an Amended Complaint. Also on March 30, 2007, Plaintiff also filed a courtesy response to the motion to dismiss, explaining that, since OPM's motion to dismiss was not a responsive pleading, and that Plaintiff was able to amend his Complaint without leave of the Court or consent of the opposing party.

4. On April 9, 2007, in response to the Amended Complaint, OPM filed what it captioned a Reply in Support of Motion to Dismiss the *Original Complaint*. In its "Reply" OPM asserts that it did not need to file a motion to dismiss the amended complaint.

5. It is well established that OPM's motion to dismiss is not a responsive pleading; therefore, Plaintiff may amend his complaint without leave of Court or the consent of Defendant. *See Bowden v. United States*, 176 F.3d 552, 555 (D.C. Cir. 1999).

6. OPM asserts that, by amending his complaint, Plaintiff is deprived of the ability to file an opposition to its motion to dismiss the original complaint

by filing what it captioned a Reply. OPM's position runs counter to the concept that a plaintiff is free to amend his complaint and would encourage gamesmanship. Here, OPM's Reply brief addresses its original motion to dismiss, and leaves a procedural gap. In other words, there is no current pending motion to dismiss the Amended Complaint, yet the Reply brief seeks to address the additional matters described in the Amended Complaint, while at the same time seeking to deprive the Court the ability to address a fully briefed motion to dismiss. The Court should not countenance this procedure.

## CONCLUSION

Plaintiff should be allowed to file a substantive opposition to OPM's motion to dismiss, with the time frame allowed for such under the local rules. In the alternative, Plaintiff seeks leave of the Court to file a sur-reply, with at least fourteen days in which to provide a substantive brief.

April 9, 2007                           Respectfully submitted,

                                        //s// *James C. Bailey*
                                        _____
                                        James C. Bailey (DC #  462391)
                                        Jason H. Ehrenberg (DC # 469077)
                                        BAILEY & EHRENBERG PLLC
                                        1155 Connecticut Avenue NW
                                        Suite 1100
                                        Washington, D.C. 20036
                                        t:  (202) 787-3869
                                        f:  (202) 318-7071

**CERTIFICATE OF SERVICE**

I, James C. Bailey, hereby certify that on this 9th day of April 2007, I caused a true and correct copy of the foregoing to be served via electronic mail through the District Court's ECF filing system, upon the following:

>Justin M. Sandberg
>Assistant U.S. Attorney
>555 Fourth Street, N.W.
>Washington, D.C.  20530

*//s// James C. Bailey*
_____
James C. Bailey

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Ralph D. Rouse, Jr. | : | |
| 3409 Faulkner Drive | | |
| Rowlett, Texas 25088 | : | |
| | | |
|     Plaintiff, | : | |
| | | |
|     v. | : | Case No.  06-2088 (RWR) |
| | | |
| Linda M. Springer, Director | : | JURY TRIAL DEMANDED |
| U.S. Office of Personnel Management, | | |
| 1900 E Street NW | : | |
| Washington, D.C.  20415 | | |
| | : | |
|     Defendant. | | |
| _____ | : | |

## **ORDER**

It is this \_\_\_ day of April 2007, ORDERED that Plaintiff shall be provided fourteen days from the date of this order in which to file an opposition to the Defendant's Motion to Dismiss.

SO ORDERED

_____
Richard W. Roberts,          J.

Copy to:

Justin M. Sandberg
Assistant U.S. Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530

James C. Bailey
BAILEY & EHRENBERG PLLC
1155 Connecticut Avenue NW
Suite 1100
Washington, D.C. 20036