IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RALPH D. ROUSE, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LINDA M. SPRINGER, Director, U.S. Office )<br>of Personnel Management, )<br>)<br>Defendant. )<br>) | Civil Action No. 06-2088 (RWR) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLARIFICATION**

Shortly after defendant filed its Reply in Support of Motion to Dismiss, April 9, 2007 ("Reply"), plaintiff filed a Motion for Clarification seeking an order converting defendant's reply brief into a new motion to dismiss, or in the alternative, an order granting him leave to file a surreply. Motion for Clarification, April 9, 2007 (also "Clarification"), at 1-2. In this filing, plaintiff admits that he "filed a courtesy response to the motion to dismiss," id. ¶ 3, but contends that he has been "deprived of the ability to file an opposition to [the] motion to dismiss the original complaint" by defendant's decision to file a reply, id. ¶ 6. Plaintiff also argues that, by filing a reply brief, defendant impinged on his ability to amend his complaint. Id. Finally, plaintiff maintains that defendant's reply brief "leaves a procedural gap" because "there is no current pending motion to dismiss the Amended Complaint." Id.

However, the reply brief filed by defendant does not leave a "procedural gap." Defendant moved to dismiss this action for failure to state a claim. Plaintiff subsequently amended his complaint; however, the Amended Complaint fails to remedy the original complaint's defects. Reply at 4-7. Consequently, even after the amendment, plaintiff has still failed to state a claim upon which relief can be granted for the reasons set out in defendant's initial motion to dismiss. In these circumstances, defendant need not file a new motion to dismiss. Id. Instead, the courts construe the motion to dismiss to be addressed to the amended complaint. See Reply at 4-5; Nix v. Hoke, 62 F. Supp. 2d 110, 115 (D.D.C. 1999).

Defendant did not, by filing a reply, deny plaintiff the opportunity to file a response to the motion to dismiss. Indeed, as plaintiff admits in his motion, he filed a response. Clarification ¶ 3. In this response, plaintiff chose to argue only that the amended complaint renders the motion to dismiss moot. Response to Motion to Dismiss, March 30, 2007, ¶¶ 3-4. He could have opposed defendant's motion on the merits, but he chose not to do so. Thus, plaintiff "took a litigation gamble," as he is entitled to do, but the gamble was his own, and he cannot blame defendant for his failure to address the merits of the arguments in the motion to dismiss. See United States ex rel. Pogue v. Diabetes Treatment Ctrs. of America, Inc., 238 F. Supp. 2d 270, 277 (D.D.C. 2002). And that the Amended Complaint did not remedy the defects in the original complaint cannot be blamed on defendant either: Plaintiff, not defendant, drafted the Amended Complaint, and he was fully aware of the contents of his original complaint and defendant's motion to dismiss. Nor has defendant hindered plaintiff's ability to file an amended complaint.

See Clarification ¶ 6. Plaintiff filed an amended complaint, and defendant has not challenged his right to do so. Defendant has simply pointed out that the Amended Complaint fails to correct the defects present in the original complaint. Reply at 4-7.

Plaintiff is not entitled to leave to file a surreply. "A surreply may be filed * * * only to address new matters raised in a reply, to which a party would otherwise be unable to respond." Pogue, 238 F. Supp. 2d at 276. The reply brief does not raise new matters. It addresses the argument raised in plaintiff's response, namely, that the motion to dismiss is moot, and reiterates points made in the opening memorandum in support of dismissal. See generally Reply; Lightfoot v. District of Columbia, 2006 WL 54430, at *1 n.2 (D.D.C. Jan. 10, 2006) ("[T]he defendant's reply does not raise any new matters; rather, the defendants merely respond to the plaintiff's arguments contained in his opposition."). Plaintiff has already addressed the question of mootness and has had an ample opportunity to respond to the points made in the opening memorandum filed in support of defendant's motion to dismiss. He simply chose not to take advantage of that opportunity. Accordingly, no surreply is warranted.

In sum, plaintiff is not entitled to file another brief, whether that brief is labeled a response or a surreply. But if the Court allows plaintiff to file another brief, defendant respectfully requests an opportunity to respond to plaintiff's additional filing. The Local Rules entitle the movant to a reply brief, see Local Rule 7(d), and that entitlement would be an empty one if defendant were denied the opportunity to respond to a new filing by plaintiff in circumstances where plaintiff chose not to respond to the merits of defendant's motion in his initial "courtesy response."

For the foregoing reasons, plaintiff's Motion for Clarification should be denied.

Dated: April 11, 2007                                   Respectfully submitted,

                                                        PETER D. KEISLER
                                                        Assistant Attorney General

                                                        JEFFREY A. TAYLOR
                                                        United States Attorney

                                                        JOSEPH W. LOBUE
                                                        Assistant Director,
                                                        Federal Programs Branch

                                                        s/ Justin M. Sandberg
                                                        JUSTIN M. SANDBERG
                                                        (Ill. Bar. No. 6278377)
                                                        Trial Attorney, Federal Programs Branch
                                                        Civil Division
                                                        U.S. Department of Justice
                                                        P.O. Box 883
                                                        Washington, D.C. 20044
                                                        (202) 514-3489 (telephone)
                                                        (202) 616-8202 (facsimile)

                                                        Counsel for Defendant