IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Ralph D. Rouse, Jr. | : | |
|     Plaintiff, | : | |
| v. | : | Case No.  06-2088 (RWR) |
| Linda M. Springer, Director | : | JURY TRIAL DEMANDED |
| U.S. Office of Personnel Management, | : | |
|     Defendant. | : | |
| _____ | : | |

## MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Pursuant to Rule 15 of the Federal Rules of Civil Procedure and Rule 15.1 of the Local Rules of this Court, Plaintiff Ralph Rouse ("Plaintiff"), through counsel, hereby moves for an order granting him leave to amend his Complaint.  Counsel have conferred over this issue, and Defendant has stated that it will defer taking a position as to whether it consents or objects to this motion until it has reviewed this motion and processed the proposed amendments to the Complaint.  As grounds for this motion, Plaintiff respectfully states as follows:

    1.    Plaintiff filed his initial Complaint against Defendant Linda M. Springer in her official capacity as Director, U.S. Office of Personnel Management ("OPM") on December 8, 2006.  *See* Docket Entry No. 1.  In his initial Complaint, Plaintiff asserted claims under the Rehabilitation Act of 1973, 29 U.S.C. § 791, *et seq.*, for redress of unlawful discrimination on the basis of disability, stemming from OPM's operation of the Federal Long Term Care Insurance Program.  *Id*.

2. OPM requested an extension in responding to the initial Complaint, which Plaintiff did not oppose, and on March 16, 2007, OPM moved to dismiss the initial Complaint. *See* Docket Entry Nos. 5 and 7.

3. Plaintiff filed his First Amended Complaint on March 30, 2007. *See* Docket Entry No. 12. Because OPM's Motion to Dismiss was not a responsive pleading, Plaintiff was within his right to file his First Amended Complaint without leave of Court or the consent of OPM. *See Bowen v. United States*, 176 F.3d 552 (D.C. Cir. 1999); *James v. Huron Associates, Inc.*, 229 F.3d 277 (D.C. Cir. 2000); *United States Information Agency v. Krc*, 905 F.2d 389 (D.C. Cir. 1990); *Doe v. United States Dept. of Labor*, 451 F. Supp.2d 156 (D.D.C. 2006).

4. To date, OPM has not moved to dismiss the First Amended Complaint. (OPM has improperly purported to file a "Reply" in support of its Motion to Dismiss the initial Complaint, *see* Docket Entry No. 10). Plaintiff takes the position that OPM's Motion to Dismiss the initial Complaint (and any "Reply" in support thereof) has been mooted by the filing of the First Amended Complaint. Plaintiff further takes the position that because OPM has not moved to dismiss the First Amended Complaint (and the time for the filing of any such motion has passed), there are no dispositive motions currently pending before the Court.

5. Shortly after Plaintiff filed his First Amended Complaint, Long Term Care Partners, LLC ("LTCP") (a consortium formed by John Hancock Life Insurance Company and Metropolitan Life Insurance Company to administer the Federal Long Term Care Insurance Program offered by OPM to federal employees) moved to intervene

in this action. *See* Docket Entry No. 13. Neither OPM nor Plaintiff has opposed LTCP's Motion to Intervene. To date, the Court has not ruled on LTCP's Motion to Intervene.

6. Plaintiff now seeks leave to file a Second Amended Complaint in the form attached as Exhibit A. The Second Amended Complaint is identical in all respects to Plaintiff's First Amended Complaint, except that it seeks to add LTCP as a defendant.

7. To date, the parties have not initiated any discovery and no date has been set for the initial scheduling conference in this matter. Similarly, no discovery deadlines have been set in this action and the Court has not set a deadline by which the parties must file motions to amend their pleadings.

8. Rule 15(a) of the Federal Rules of Civil Procedure provides, in relevant part, that a party may amend its pleadings by leave of court. It further provides that "leave shall be freely given when justice so requires." The Supreme Court has described this standard as follows:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).

9. Plaintiff satisfies those standards here. First, Plaintiff has moved expeditiously following LTCP's Motion to Intervene to move to file a Second Amended Complaint which makes no material change to Plaintiff's initial Complaint, other than to add LTCP as a defendant to Plaintiff's claim brought pursuant to Section 504 of the

3

Rehabilitation Act. *See Hisler v. Gallaudet University*, 206 F.R.D. 11, 13 (D.D.C. 2002), citing *Liberty Lobby, Inc. v. Dow Jones & Co.*, 638 F. Supp. 1149, 1150-51 (D.D.C. 1986) (finding that a motion for leave to amend should not be denied solely because it asserts new causes of action and/or amplifies or elaborates on previously alleged claims); *Price v. Kelly*, 847 F. Supp. 163, 164 n.1 (D.D.C. 1994) (granting leave to allow Plaintiff to assert additional facts). Second, OPM will not be prejudiced by Plaintiff's proposed amendment because no discovery has been taken in this action. *See*, *e.g.*, *Wadley v. Aspillaga*, 163 F. Supp.2d 1, 11 (D.D.C. 2001).

10. Notably, the proposed amendment will also moot LTCP's Motion to Intervene, saving the Court's time and resources.

11. For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order granting him leave to file his Amended Answer in the form attached as Exhibit A.

Dated: May 3, 2007                Respectfully submitted,


                                  //s// *James C. Bailey*
                                  _____
                                  James C. Bailey (DC # 462391)
                                  jcb@becounsel.com
                                  Jason H. Ehrenberg (DC # 469077)
                                  jhe@becounsel.com
                                  BAILEY & EHRENBERG PLLC
                                  1155 Connecticut Avenue NW
                                  Suite 1100
                                  Washington, D.C. 20036
                                  t: (202) 787-3869
                                  f: (202) 318-7071

**CERTIFICATE OF SERVICE**

I, James C. Bailey, hereby certify that on this 3rd day of May 2007, I caused a true and correct copy of the foregoing to be served via electronic mail through the District Court's ECF filing system, upon the following:

>Justin M. Sandberg
>Assistant U.S. Attorney
>555 Fourth Street, N.W.
>Washington, D.C. 20530
>
>Anthony F. Shelley
>MILLER & CHEVALIER CHARTERED
>655 15th Street NW, Suite 900
>Washington, D.C. 20005

>>*//s// James C. Bailey*
>>_____
>>James C. Bailey

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Ralph D. Rouse, Jr. | : | |
| 3409 Faulkner Drive | | |
| Rowlett, Texas 25088 | : | |
|     Plaintiff, | : | |
|     v. | : | Case No. 06-2088 (RWR) |
| Linda M. Springer, Director | : | JURY TRIAL DEMANDED |
| U.S. Office of Personnel Management, | | |
| 1900 E Street NW | : | |
| Washington, D.C. 20415 | | |
| | : | |
| Long Term Care Partners, LLC | | |
| 100 Arboretum Drive | : | |
| Portsmouth, New Hampshire 03801-7833 | | |
| | : | |
|     Defendants. | | |
| _____ | : | |

**SECOND AMENDED COMPLAINT**

Plaintiff Ralph Rouse, through counsel, files this Second Amended Complaint against Defendant Linda M. Springer in her official capacity as Director, U.S. Office of Personnel Management ("OPM") and Defendant Long Term Care Partners, LLC ("LTCP"), and alleges the following:

1.    This is an action brought pursuant to the Rehabilitation Act of 1973, 29 U.S.C. §§ 791, *et seq.*, for redress of unlawful discrimination on the basis of disability.

**JURISDICTION AND VENUE**

2.    This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and § 1343(a)(4).

3.    This action is authorized pursuant to 29 U.S.C. §§ 791 and 794, and 29 C.F.R. § 1614.203.

4. This court has jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Venue is proper pursuant to 28 U.S.C. § 1391(e) because Defendant Springer resides in this judicial district, Defendant LTCP does business in this district, and a substantial part of the events or omissions giving rise to this Second Amended Complaint occurred in this judicial district.

## PARTIES

6. Plaintiff is an employee of the U.S. Department of Health and Human Services ("HHS").

7. Plaintiff has a long record of public service, having worked for the HHS since 1975. He has been Manager of HHS's Region VI Office for Civil Rights since November 27, 1994.

8. Defendant Linda Springer, is the Director of OPM. She is sued in her official capacity. OPM is an agency of the United States Government, and is therefore prohibited, pursuant to the Rehabilitation Act, from discriminating against otherwise qualified people with disabilities in the terms or conditions of employment, *inter alia*.

9. Defendant LTCP is a consortium formed by John Hancock Life Insurance Company of Boston, Massachusetts, and Metropolitan Life Insurance Company of New York, New York, to administer the Federal Long Term Care Insurance Program, a program that receives federal funds. LTCP has its principal place of business at 100 Arboretum Drive, Portsmouth, New Hampshire, 03801-7833. Because LTCP contracts with OPM to administer the Federal Long Term Care Insurance Program, and receives federal funds from OPM for administering the Federal Long Term Care Insurance

Program, LTCP is prohibited under the Rehabilitation Act from excluding otherwise qualified people with disabilities from participation in the Federal Long Term Care Insurance Program, or otherwise discriminating on the basis of disability in any context.

## FACTUAL BACKGROUND

10. Plaintiff realleges paragraphs 1 – 9 of this Second Amended Complaint as if fully set forth herein.

11. As a result of an accident in 1963, Plaintiff has paraplegia and therefore is a member of a protected classification – he has a qualified disability.

12. Due to his disability, Plaintiff uses a push wheel chair to assist with walking, but his disability does not interfere with his ability to perform the essential functions of his job.

13. In 2002, Plaintiff received an application for long-term care insurance benefits, which invited him, "as a member of the federal family," to apply for benefits under a new program, called the Federal Long Term Care Insurance Program.

14. The application that Plaintiff filled out was captioned "The Federal Long Term Care Insurance Program," and stated that the Long Term Care Insurance Program was sponsored by OPM, offered by John Hancock Life Insurance Company and Metropolitan Life Insurance Company, and was administered by "Long Term Care Partners, LLC."

15. Plaintiff submitted his application for long-term health care benefits on July 9, 2002.

16. Plaintiff's application for long term benefits contained several questions. As relevant here, at Part B, question 5 of the application, Plaintiff was required to answer:

"Do you currently use any of the following medical devices, aids, or treatments? -Hospital bed -Motorized scooter -Oxygen -Stair lift -Dialysis -Wheelchair –Walker." Plaintiff circled that he used a wheelchair. According to the application, "if the answer is 'Yes' to any of the questions 4-7, you are not eligible for any of the insurance options under this program shown in Part F of this form." The application did not inquire further as to Plaintiff's health condition.

17. On August 16, 2002, Plaintiff received a letter from LTCP, stating that he was denied coverage because he answered that he used a wheelchair in Part B, question 5 of the long-term health care benefits form.

## ADMINISTRATIVE PREREQUISITES

18. Plaintiff realleges paragraphs 1 – 17 of this Second Amended Complaint as if fully set forth herein.

19. On September 27, 2002, Plaintiff contacted the HHS Office of the Secretary of Equal Employment Opportunity to file a formal complaint under Rehabilitation Act. He was advised to file his complaint with OPM.

20. OPM advised Plaintiff that his verbal complaint via telephone would serve as a formal complaint, and that he could also appeal the denial of benefits to LTCP.

21. Plaintiff appealed the denial of benefits to LTCP on October 2, 2002. In his appeal Mr. Rouse included his most recent medical records, which demonstrated his excellent health.

22. On December 11, 2002, LTCP upheld the denial of benefits based solely upon the fact that Mr. Rouse is disabled and uses a wheelchair.

23. After the final OPM counseling interview was held on March 20, 2003, Plaintiff filed a formal complaint with OPM on April 8, 2003.

24. On May 19, 2003 Plaintiff received a letter from OPM acknowledging the receipt of his formal complaint.

25. On May 4, 2004, OPM sent a letter to Plaintiff explaining that it would accept his complaint for processing and further investigation.

26. During its investigation into Plaintiff's charge of discrimination, OPM's investigator noted that EEOC investigator noted that the U.S. EEOC had issued OPM an opinion letter, stating, in part, "A review of the applicable provisions of the statutes the EEOC enforces reveals that the FLTCIP insurance program is a benefit or privilege of employment subject to the anti-discrimination contained in the Rehabilitation Act, Title VII, and the ADEA." (Letter from David L. Frank, Legal Counsel, EEOC to Frank D. Titus, Assistant Director for Long Term Care, OPM, *Interim Rules with Response for Comments: Federal Long Term Care Insurance Regulation*, 68 Fed. Reg. 5.530 (Feb. 4, 2003).

27. On August 19, 2004, OPM sent a letter to Plaintiff explaining that it had completed its investigation into Plaintiff's complaint, and that Plaintiff had a right to request a hearing before an Administrative Judge of the EEOC.

28. On September 4, 2004, Plaintiff timely requested a request for a hearing before an Administrative Judge.

29. On September 18, 2006, Plaintiff submitted a request for final agency action, withdrawing his request for a hearing before an EEOC Administrative Judge.

30. On September 19, 2006, the EEOC Administrative Judge accepted Plaintiff's withdrawal of request for hearing, and ordered OPM to issue a final agency decision, pursuant to 29 C.F.R. § 1614.110(b).

31. OPM issued its final agency decision on November 4, 2006, it was mailed on November 7, 2006, and Plaintiff's counsel received it on November 9, 2006.

32. Plaintiff has met all administrative requirements prior to filing this action.

## COUNT I: SECTION 504 OF THE REHABILITATION ACT

### (Against all Defendants)

33. Plaintiff realleges paragraphs 1 – 32 of this Second Amended Complaint as if fully set forth herein.

34. Under Section 504 of the Rehabilitation Act, "[n]o otherwise qualified individual with a disability in the United States, as defined in Section 7(20), shall, solely by reason of her or her disability, be excluded from participation in, denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or . . . conducted by any Executive agency." 29 U.S.C. § 794(a).

35. Section 504 of the Rehabilitation Act was amended in 1992 to apply the ADA standards in determining whether the section was violated in complaints alleging employment discrimination. 29 U.S.C. § 794(d); 29 U.S.C. § 791(g). The associated EEOC regulation cross references the ADA rule concerning complaints of discrimination. 29 C.F.R. § 1614.203.

36. Under the ADA, it is unlawful for an employer to discriminate on the basis of disability against a qualified individual with a disability in regard to "terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

37. The EEOC's regulations implementing the employment provisions of the ADA further provide that it is unlawful for an employer to discriminate on the basis of disability against a qualified individual with a disability in regard to "[f]ringe benefits available by virtue of employment, whether or not administered by the [employer]." 29 C.F.R. § 1630.4(f).

38. Further, the ADA prohibits employers from entering into, or participating in, a contractual or other arrangement or relationship that has the effect of discriminating against their own qualified applicants or employees with disabilities. 42 U.S.C. § 12112(b)(2); 29 C.F.R. § 1630.6(a). Contractual or other relationships with organizations that provide fringe benefits to employers are expressly included in this prohibition. 42 U.S.C. § 12112(b)(2); 29 C.F.R. § 1630.6(b).

39. OPM and LTCP violated the Rehabilitation Act when they intentionally excluded Rouse – solely by reason of his disability – from participation, denied the benefits of, and/or subjected him to discrimination under the Federal Long Term Care Insurance Program, which is a program or activity that receives financial assistance.

40. OPM and LTCP violated the Rehabilitation Act when they, among other things, contracted with each other to refuse Mr. Rouse – and others with disabilities – a benefit of employment based on his – and their – disabilities.

41. By engaging in a contract which denies federal employees coverage based on their disabilities, OPM and LTCP have violated Section 504 of the Rehabilitation Act.

42. OPM and LTCP have otherwise violated the Rehabilitation Act and discriminated against Mr. Rouse as described in this Second Amended Complaint.

## COUNT II:  SECTION 501 OF THE REHABILITATION ACT

### (Against Defendant Springer/OPM)

43. Plaintiff realleges paragraphs 1 - 42 of this Second Amended Complaint as if fully set forth herein.

44. The Rehabilitation Act of 1973 was enacted to empower individuals with disabilities in the employment context and to ensure that the federal government plays a leadership role in promoting the employment of such individuals.

45. In particular, under 29 U.S.C. § 701(b), the Purpose of the Rehabilitation Act is, among other things, "(1) to empower individuals with disabilities to maximize employment, economic self-sufficiency, independence, and inclusion and integration into society."

47. In addition, under 29 U.S.C. § 701(b), another Purpose of the Rehabilitation Act is "(2) to ensure that the Federal Government plays a leadership role in promoting the employment of individuals with disabilities, especially individuals with significant disabilities, and in assisting States and providers of services in fulfilling the aspirations of such individuals with disabilities for meaningful and gainful employment and independent living."

48. Further, under 29 U.S.C. § 701(c), the Policy of the Rehabilitation Act is: "It is the policy of the United States that all programs, projects, and activities receiving assistance under this Act shall be carried out in a manner consistent with the principles of— (1) respect for individual dignity, personal responsibility, self-determination, and pursuit of meaningful careers, based on informed choice, of individuals with disabilities;

(2) respect for the privacy, rights, and equal access (including the use of accessible formats), of the individuals . . . ."

49. According to Section 501 of the Rehabilitation Act, each executive branch, department, agency, and instrumentality is required to have an affirmative action plan, to be updated annually, that "provides sufficient assurances, procedures and commitments to provide adequate hiring, placement, and advancement opportunities for individuals with disabilities." 29 U.S.C. § 791(b).

50. Under the ADA, it is unlawful for an employer to discriminate on the basis of disability against a qualified individual with a disability in regard to "terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

51. The EEOC's regulations implementing the employment provisions of the ADA further provide that it is unlawful for an employer to discriminate on the basis of disability against a qualified individual with a disability in regard to "[f]ringe benefits available by virtue of employment, whether or not administered by the [employer]." 29 C.F.R. § 1630.4(f). Further, the ADA prohibits employers from entering into, or participating in, a contractual or other arrangement or relationship that has the effect of discriminating against their own qualified applicants or employees with disabilities. 42 U.S.C. § 12112(b)(2); 29 C.F.R. § 1630.6(a). Contractual or other relationships with organizations that provide fringe benefits to employers are expressly included in this prohibition. 42 U.S.C. § 12112(b)(2); 29 C.F.R. § 1630.6(b).

52. OPM discriminated against Plaintiff when it denied him a benefit of employment based upon his membership in a protected classification.

53. OPM has otherwise violated Section 501 of the Rehabilitation Act as described in this Second Amended Complaint.

54. To the extent the safe harbor provision, set forth at 42 U.S.C. § 12201(c) applies to this matter (and to the extent there is a heightened standard of pleading requiring Plaintiff to affirmatively address this defense), Plaintiff alleges that the Federal Long Term Care Insurance Program falls outside of the safe harbor provision, because, among other things, it is a subterfuge to evade the Purposes and/or Policies of the Rehabilitation Act. In addition, OPM and LTCP had the specific intent to discriminate against persons in wheelchairs and act in violation of the Rehabilitation Act in offering the long term care insurance plan. Further, OPM and LTCP failed to provide – and do not have – actuarial data in order to justify its discrimination. For example, among other things, by discriminating against individuals with disabilities in the provision of a valuable employee benefit, OPM, LTCP and the Federal Long Term Care Insurance Program violate the substantive provisions of the Rehabilitation Act, because, for example, they discourage individuals with disabilities – such as those that use wheelchairs – to seek employment with the federal government (or, at the least provides a stigma to those with disabilities vis-à-vis federal employment), in spite of the Congressionally-stated purpose and policy of the Rehabilitation Act to encourage and foster the employment of individuals with disabilities in the federal government.

## COUNT III – REQUEST FOR DECLARATORY JUDGMENT

55. Plaintiff realleges paragraphs 1-54 of this Second Amended Complaint as if fully set forth herein.

56. An actual and present controversy exists between Plaintiff and Defendants relating to their respective legal rights and duties:

(a) Plaintiff contends that Defendants have discriminated against him on the basis of his disability in violation of the Rehabilitation Act of 1973, and that Plaintiff has been damaged thereby, and that, as a result, Plaintiff is entitled to relief from this Court; and

(b) On information and belief, Defendants deny Plaintiff's contentions, and avers that their denial of Plaintiff's ability to participate in the Federal Long Term Care Insurance Program does not violate federal law.

57. A judicial declaration among the parties is necessary and appropriate at this time in order that they promptly may ascertain and enforce their respective rights and obligations.

58. Plaintiff is entitled to a declaratory judgment that Defendants have discriminated against him on the basis of disability; that Defendants' policy of refusing to allow individuals in wheelchairs to participate in the Federal Long Term Care Insurance Program violates the Rehabilitation Act; and that Plaintiff has been damaged thereby, and, as a result, is entitled to relief from this Court.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues.

## RELIEF REQUESTED

Plaintiff realleges paragraphs 1-58 of this Second Amended Complaint as if fully set forth herein.

WHEREFORE, Plaintiff respectfully requests the following:

    i. a trial by jury;

    ii. that this Court enter a declaratory judgment that Defendants have discriminated against Plaintiff on the basis of disability; that Defendants' policy of refusing to provide long-term care insurance to individuals in wheelchairs violates the Rehabilitation Act; that OPM's contracting with an entity or entities (namely LTCP) that refuse to provide long-term care insurance to individuals in wheelchairs violates the Rehabilitation Act; and that Plaintiff has been damaged thereby, and, as a result, is entitled to relief from this Court;

    iii. that this Court permanently enjoin OPM from contracting with an entity that refuses to provide long-term care insurance to individuals in wheelchairs, including Plaintiff;

    iv. that this Court order Defendants to approve Plaintiff's application for LTC benefits under the Federal Long Term Care Insurance Program retroactive to the date of his application in July 2002

    v. that this Court order Defendants to redesign "Question 5" of Part B of the Federal Long Term Care Insurance Program application form so that it does not include any discriminatory references to "wheelchair," "motorized scooter," "walker," and "stair lift."

    vi. that this Court order Defendants to pay Plaintiff punitive damages as authorized by the Rehabilitation Act;

    vii. that this Court order Defendants to pay Plaintiff's attorneys'
fees and costs as authorized by law; and

    viii. that this Court order any such further relief as it deems just and
proper.

Dated:  May 3, 2007      Respectfully submitted,

               //s// *James C. Bailey*
               _____
               James C. Bailey (DC #  462391)
               jcb@becounsel.com
               Jason H. Ehrenberg (DC # 469077)
               jhe@becounsel.com
               BAILEY & EHRENBERG PLLC
               1155 Connecticut Avenue NW
               Suite 1100
               Washington, D.C. 20036
               t:  (202) 787-3869
               f:  (202) 318-7071

**CERTIFICATE OF SERVICE**

I, James C. Bailey, hereby certify that on this 3rd day of May 2007, I caused a true and correct copy of the foregoing to be served via electronic mail through the District Court's ECF filing system, upon the following:

>Justin M. Sandberg
>Assistant U.S. Attorney
>555 Fourth Street, N.W.
>Washington, D.C. 20530
>
>Anthony F. Shelley
>MILLER & CHEVALIER CHARTERED
>655 15th Street NW, Suite 900
>Washington, D.C. 20005

*//s// James C. Bailey*
_____
James C. Bailey