IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| RALPH D. ROUSE, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LINDA M. SPRINGER, Director, U.S. Office ) <br> of Personnel Management, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 06-2088 (RWR) |

**RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

Plaintiff has filed a motion for leave to file a second amended complaint. Defendant Linda Springer ("defendant") does not object to plaintiff's request for leave, but does dispute plaintiff's argument regarding the scope of defendant's motion to dismiss. In his motion, plaintiff contends that "there are no dispositive motions currently pending before the Court." Motion for Leave to File Second Amended Complaint, May 3, 2007 ("Motion for Leave"), ¶ 4. He reasons that defendant's motion to dismiss is moot because he filed his First Amended Complaint after defendant had filed its motion to dismiss. Id. In a minute order entered on May 8, the Court rejected this position, concluding that "defendant's original motion to dismiss be, and hereby is, treated as responsive to plaintiff's amended complaint." Minute Order, May 8, 2007.

The Court should reject plaintiff's woodenly formalistic view of the law again, and construe defendant's motion to dismiss to apply to plaintiff's proposed Second Amended Complaint. When an amended complaint fails to remedy the flaws in an original complaint that were identified by a motion to dismiss, courts construe the motion to dismiss to relate to the amended complaint and do not require the defendant to file a new motion to dismiss. See, e.g., Nix v. Hoke, 62 F. Supp. 2d 110, 115 (D.D.C. 1999); Jordan v. City of Philadelphia, 66 F. Supp. 2d 638, 641 n.1 (E.D. Pa. 1999); Datastorm Technologies, Inc. v. Excalibur Communications, Inc., 888 F. Supp. 112, 114 (N.D. Cal. 1995).

Plaintiff's proposed Second Amended Complaint does not remedy any of the defects identified in defendant's motion to dismiss. See Memorandum in Support of Motion to Dismiss, March 16, 2007 ("Memo."), at 7-13; Second Amended Complaint, May 3, 2007 (attached to Motion for Leave). Defendant has moved to dismiss plaintiff's disability-based discrimination action because both of plaintiff's claims are foreclosed by the express terms of the Americans with Disabilities Act, and plaintiff's claim under § 504 of the Rehabilitation Act ("Act") is foreclosed by binding D.C. Circuit precedent holding that federal employees must bring disability-based employment discrimination claims under § 501 of the Act. Memo. at 7-13. Plaintiff has not changed the substance of his claims, but has merely added a defendant. Motion for Leave ¶ 6 ("The Second Amended Complaint is identical in all respects to Plaintiff's First Amended Complaint, except that it seeks to add [Long Term Care Partners] as a defendant."). Thus, the defects identified in defendant's motion to dismiss remain. If the Court grants leave to file the complaint, the Court should treat defendant's motion to dismiss as responsive to

plaintiff's Second Amended Complaint and dismiss this action for failure to state a claim upon which relief can be granted.

| | |
|---|---|
| Dated: May 9, 2007 | Respectfully submitted, |
| | PETER D. KEISLER<br>Assistant Attorney General |
| | JEFFREY A. TAYLOR<br>United States Attorney |
| | JOSEPH W. LOBUE<br>Assistant Director,<br>Federal Programs Branch |
| | s/ Justin M. Sandberg<br>JUSTIN M. SANDBERG<br>(Ill. Bar. No. 6278377)<br>Trial Attorney, Federal Programs Branch<br>Civil Division<br>U.S. Department of Justice<br>P.O. Box 883<br>Washington, D.C. 20044<br>(202) 514-3489 (telephone)<br>(202) 616-8202 (facsimile) |
| | Counsel for Defendant |