## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RALPH D. ROUSE, JR.,                                )<br>                                                              )<br>                Plaintiff,                              )<br>        v.                                                    )<br>                                                              )<br>LINDA M. SPRINGER, DIRECTOR        )<br>U.S. OFFICE OF PERSONNEL           )<br>MANAGEMENT                                 )<br>                                                              )<br>                and                                        )<br>                                                              )<br>LONG TERM CARE PARTNERS, LLC,   )<br>                                                              )<br>                Defendants.                           )<br>                                                              ) | Case No.:  1:06-CV-02088-RWR |

### DEFENDANT LONG TERM CARE PARTNERS' MOTION TO DISMISS

Pursuant to FRCP 12(b)(6), Defendant Long Term Care Partners, LLC ("LTC Partners") respectfully moves to dismiss all claims against it in the Second Amended Complaint.  The claims must be dismissed for failure to state a claim upon which relief can be granted.

The bases for this motion are more fully explicated in the accompanying memorandum.

A proposed order also accompanies this motion.

Respectfully submitted,

/s/
_____
Anthony F. Shelley (DC Bar No. 420043)
Emmett B. Lewis (DC Bar No. 308627)
MILLER & CHEVALIER CHARTERED
655 15th Street, NW, Suite 900
Washington, DC  20016
Telephone:  202-626-5800
Facsimile:  202-626-5801

*Counsel for Defendant Long Term Care Partners, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RALPH D. ROUSE, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LINDA M. SPRINGER, DIRECTOR | ) |
| U.S. OFFICE OF PERSONNEL | )   Case No.:  1:06-CV-02088-RWR |
| MANAGEMENT | ) |
| | ) |
| and | ) |
| | ) |
| LONG TERM CARE PARTNERS, LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANT LONG TERM CARE PARTNERS' MEMORANDUM IN SUPPORT**
**OF ITS MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

Defendant Long Term Care Partners, LLC ("LTC Partners") respectfully submits this memorandum in support of its motion to dismiss all claims against it in the Second Amended Complaint.

**<u>INTRODUCTION</u>**

LTC Partners contracts with the United States Office of Personnel Management ("OPM") to provide insurance under the Federal Long Term Care Insurance Program ("FLTCIP" or the "Program").  *See* Second Am. Compl. ¶ 9.  The FLTCIP was established pursuant to the Long Term Care Security Act ("LTCSA"), 5 U.S.C. §§ 9001-9009, to provide long term care insurance to federal employees and certain others.  In accordance with its contract with OPM, LTC Partners, among other things, determines the insurability of applicants and makes claim

determinations for Program participants.  *See* 5 U.S.C. §§ 9003(b)-(c); 5 C.F.R. §§ 875.102, 875.104, 875.108, 875.407.

Plaintiff Ralph Rouse applied for insurance under the Program, but LTC Partners denied his application because of high insurance risk due to his use of a wheelchair.  *See* Second Am. Compl. ¶¶ 16-17; *see generally* 5 U.S.C. § 9002(e) (establishing FLTCIP as an underwritten program).  Rather than pursue the judicial review available under the LTCSA, which allows for strictly limited remedies in federal court in a suit to be brought only against LTC Partners (*see* 5 U.S.C. §§ 9003(c), 9007; 5 C.F.R. § 875.104), Plaintiff initiated this action against Linda Springer in her official capacity as Director of OPM.  In his original and subsequent pleadings, Plaintiff has alleged that the denial of his insurability under the Program violates anti-discrimination provisions set forth in §§ 501 and 504 of the Rehabilitation Act of 1973; the Rehabilitation Act, in turn, incorporates standards under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq.*  *See* 29 U.S.C. §§ 791(g), 794(d).  Rouse also seeks a declaratory judgment.  *See* Second Am. Compl. ¶ 56.  LTC Partners moved to intervene on April 9, 2007.

Plaintiff then filed a Second Amended Complaint on May 24, 2007.  The Second Amended Complaint added LTC Partners as a defendant, particularly as to the alleged violation of § 504 stated in Count I.  Count I alleges that OPM and LTC Partners discriminated against Plaintiff in violation of § 504 of the Rehabilitation Act by intentionally excluding him from the FLTCIP allegedly because of his disability and by entering into a contract that purportedly permits such discrimination against him and others.  After granting Plaintiff's motion for leave to file the Second Amended Complaint, the Court denied LTC Partners' motion to intervene as moot.

Before LTC Partners became a party to this action, OPM moved to dismiss the case. Briefing between Plaintiff and OPM regarding OPM's motion to dismiss concluded with OPM's supplemental reply in support of its motion to dismiss, filed on June 25, 2007.  OPM moved to dismiss on three different theories.  First, in support of dismissal of all claims, OPM asserts that Plaintiff has set forth no allegations sufficient to override the safe harbor provision in the ADA (42 U.S.C. § 12201(c)) that immunizes employee benefits plans from claims of discrimination. Second, specifically with respect to Plaintiff's claim under § 504, OPM argues that, under controlling D.C. Circuit precedent, federal employees such as Plaintiff can bring disability-based discrimination claims only under § 501 with respect to the terms of their employment and may not use § 504 as an alternate route for recovery.  *See Taylor v. Small*, 350 F.3d 1286, 1291 (D.C. Cir. 2003).  Finally, again with respect to all proffered claims, OPM argues that Plaintiff lacks standing.  In this regard, as OPM maintains, Plaintiff cannot assert that the FLTCIP discourages the disabled from seeking federal employment, because he himself is a federal employee and thus cannot purport to have been dissuaded from seeking federal employment.

## ARGUMENT

### *THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS AGAINST LTC PARTNERS*

LTC Partners incorporates by reference all arguments that OPM has made in support of its motion to dismiss, set forth in OPM's memorandum in support of its motion to dismiss, its reply, its notice of supplemental authority, its supplemental reply, and any other related filings. As stated in OPM's motion and related submissions, Plaintiff's claims, including the § 504 claim, must be dismissed:  (1)  because Plaintiff's allegations are not sufficient to overcome the ADA's safe harbor provisions for employee benefits plans; (2) § 504 is not available to federal employees asserting discrimination in the course of their federal employment; and (3) Plaintiff

has no standing to claim that the FLTCIP chills individuals from seeking federal employment, given that he has obtained and accepted federal employment and currently is a federal employee.

Just as OPM has, LTC Partners emphasizes that Plaintiff's chances of surviving dismissal pursuant to FRCP 12(b)(6) are even slimmer in light of the Supreme Court's recent decision in *Bell Atlantic v. Twombly*, 127 S. Ct. 1955 (2007), which OPM brought to the Court's attention as supplemental authority. There, the Supreme Court explained the minimum pleading requirements necessary to survive a Rule 12(b)(6) motion to dismiss. The Court stated that a plaintiff is obligated "to provide the 'grounds' of his 'entitle[ment] to relief,'" which requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action.'" *Twombly*, 127 S. Ct. at 1964-65; *accord Aktieselskabet af 21*, No. 06-585 (RCL), 2007 U.S. Dist. LEXIS 41270, at *40-*48 (D.D.C. July 7, 2007); *Lutz v. United States*, No. 06-1177, 2007 U.S. Dist. LEXIS 48114, at *12-*13 (D.D.C. July 5, 2007); *Goldstein v. Pataki*, 488 F. Supp. 2d 254, 2007 U.S. Dist LEXIS 41216, at *103-*107 (E.D.N.Y. June 6, 2007).

The Second Amended Complaint fails to meet this standard, and Plaintiff, when given the opportunity in his opposition to OPM's motion to dismiss, made no attempt to explain how he met the standard. This is most evident in Plaintiff's allegations that the safe harbor provision is being used as a subterfuge to evade the purposes of the Rehabilitation Act, which is -- by statute, the only means available to him to override the safe harbor. *See* 42 U.S.C. 12201(c). Indeed, Plaintiff states only that Defendants' actions are "a subterfuge to evade the Purposes and/or Policies of the Rehabilitation Act" and that Defendants "had the specific intent to discriminate against persons in wheelchairs and act in violation of the Rehabilitation Act." Second Amended Compl. ¶ 54. However, Plaintiff has not provided any facts whatsoever or even inferences to support these conclusions, making them no more than a regurgitation of the elements of a claim

of subterfuge.  Because Plaintiff's subterfuge allegations amount only to conclusory statements without any support pled in the pleadings, Plaintiff has failed to allege a crucial element of his claims, thereby dooming the Second Amended Complaint.

LTC Partners does seek to supplement OPM's presentation with one additional point concerning the necessary dismissal of Count III of the Second Amended Complaint, which is styled as a "Request for Declaratory Judgment" and appears to be against both Defendants.  This claim should be dismissed because the first two claims, seeking relief under §§ 501 and 504 of the Rehabilitation Act, must be dismissed.  A request for a declaratory judgment "is not cognizable as a separate cause of action," but should be "included in [the plaintiff's] prayer for relief" in an otherwise cognizable case.  *Bridges v. Blue Cross & Blue Shield Ass'n*, 935 F. Supp. 37, 45 (D.D.C. 1996).  This is because "the operation of the Declaratory Judgment Act [28 U.S.C. § 2201] is procedural only," "enlarg[ing] the range of remedies available" but not providing any additional bases for jurisdiction or claims.  *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950).  Here, because, as OPM's filings make clear, no claims for relief can be stated under §§ 501 and 504 of the Rehabilitation Act, there is no reason to turn to the Declaratory Judgment Act for a form of relief.

Finally, while LTC Partners fully joins OPM's presentation (and adds the additional declaratory-judgment point) and therefore seeks dismissal at this stage on those grounds, this should not be read as indication that there are not also other serious flaws with respect to Plaintiff's case.  Most notably, Plaintiff seeks relief under the Rehabilitation Act, when his exclusive remedy is under the LTCSA.  Seemingly seeking to expand the available relief, Plaintiff has sought to circumvent the LTCSA's remedies in favor of the more expansive remedies he asserts he is entitled to in a case under the Rehabilitation Act.  Numerous courts --

particularly in the federal employment context -- have held that litigants may not seek relief under general federal statutes, when a specific remedy exists under a specialized statute.  *E.g.*, *Brown v. GSA*, 425 U.S. 820, 832 (1976); *Bridges*, 935 F. Supp. at 41-43 (D.D.C. 1996); *see also Patterson v. McLean Credit Union*, 491 U.S. 164, 180-81 (1989).  This argument, however, is appropriate for summary judgment filings, should this case at all survive the pleadings stage, which, again, it should not.

## **CONCLUSION**

The Court should dismiss Plaintiff's Second Amended Complaint.

Respectfully submitted,

/s/
_____
Anthony F. Shelley (DC Bar No. 420043)
Emmett B. Lewis (DC Bar No. 308627)
MILLER & CHEVALIER CHARTERED
655 15th Street, NW
Suite 900
Washington, DC  20016
Telephone:  202-626-5800
Facsimile:  202-626-5801

*Counsel for Defendant Long Term Care Partners, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RALPH D. ROUSE, JR., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| LINDA M. SPRINGER, DIRECTOR | ) |
| U.S. OFFICE OF PERSONNEL | ) |
| MANAGEMENT | ) Case No.:  1:06-CV-02088-RWR |
| | ) |
| and | ) |
| | ) |
| LONG TERM CARE PARTNERS, LLC, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Having considered Defendant Long Term Care Partners, LLC's motion to dismiss the

Second Amended Complaint, the supporting memorandum, and all oppositions, responses, and

replies, it is hereby ORDERED:

    1)      that the motion is GRANTED.

    2)      that the Second Amended Complaint is DISMISSED.


_____
United States District Judge

Dated: _____