## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RALPH D. ROUSE, JR.,<br><br>       Plaintiff,<br><br>  v.<br><br>LINDA M. SPRINGER, DIRECTOR<br>U.S. OFFICE OF PERSONNEL<br>MANAGEMENT<br><br>     and<br><br>LONG TERM CARE PARTNERS, LLC,<br><br>     Defendants. | Case No.:  1:06-CV-02088-RWR |

### DEFENDANT LTC PARTNERS' REPLY TO PLAINTIFF RALPH ROUSE'S OPPOSITION TO LTC PARTNERS' MOTION TO DISMISS

Defendant Long Term Care Partners ("LTC Partners") respectfully submits this reply to Plaintiff Ralph Rouse's opposition to LTC Partners' motion to dismiss his Second Amended Complaint.

### INTRODUCTION

Plaintiff's attempt to explain why he has stated a cognizable claim for relief suffers from a misconception of the safe harbor provision in the Americans with Disabilities Act ("ADA") and fails to address precedent directly contrary to his position. First of all, Plaintiff mischaracterizes as an affirmative defense the safe harbor provision, which exempts bona fide benefit plans from ADA and therefore Rehabilitation Act anti-discrimination provisions so long as employers do not use it as a subterfuge to evade the purposes of those statutes. Rather than an affirmative defense, the inapplicability of the safe harbor provision on grounds of subterfuge is

an element of Plaintiff's claim, which he was obligated to plead, but failed to do so sufficiently.

Moreover, Plaintiff's assertion that this case should not be dismissed because he has not yet had

access to actuarial data to prove his claim is similarly misguided; this Circuit, and several others,

have held that, under the safe harbor provision, an insurer need not actuarially justify its

decisions, as the only relevant inquiry is whether the employer has used the safe harbor provision

as a subterfuge to evade the purposes of the ADA.  As a result, none of the causes of action that

Plaintiff has asserted can survive.

## ARGUMENT

### I.    THE INAPPLICABILITY OF THE SAFE HARBOR PROVISION IS AN ELEMENT OF PLAINTIFF'S AFFIRMATIVE CASE, NOT PART OF AN AFFIRMATIVE DEFENSE PROFFERED BY OPM OR LTC PARTNERS

Contrary to Plaintiff's assertion, the inapplicability of the safe harbor provision on

grounds of subterfuge constitutes an element of the prima facie case that he must prove.  He

therefore must plead it in order to survive a motion to dismiss.  The Supreme Court's decision in

*Public Employees Retirement System of Ohio v. Betts*, 492 U.S. 158 (1989), which interpreted an

almost identical safe harbor provision contained in the Age Discrimination in Employment Act

("ADEA"), explicitly rejected the notion that the safe harbor provision is an affirmative defense.

The Court stated:

> [The safe harbor provision] is not so much a defense to a charge of . . .
> discrimination as it is a description of the type of employer conduct that is
> prohibited in the employee benefit plan context.  By requiring a showing
> of actual intent to discriminate in those aspects of the employment
> relationship protected by the provisions of the ADEA, § 4(f)(2) *redefines*
> *the elements of a plaintiff's prima facie case instead of establishing a*
> *defense to what would otherwise be a violation of the act.*

*Id.* at 180 (emphasis added); *see also id.* at 181-82 ("[d]espite the fact that § 703(h), like

§ 4(f)(2), appears on first reading to describe an affirmative defense, we have regarded [§703(h)]

not as a defense . . . but as a provision that itself delineates which employment practices are illegal and thereby prohibited and which are not") (citations and quotation marks omitted). Given that the D.C. Circuit has applied *Betts* in interpreting the ADA's safe harbor provision, *Betts*' clear statement that the safe harbor provision is not an affirmative defense, but an element of a discrimination claim, must apply here as well.  *See EEOC v. Aramark Corp.*, 208 F.3d 266, 269-70 (D.C. Cir. 2000).

This interpretation makes sense in light of the language of the safe harbor provision.  It provides that the anti-discrimination provisions of the ADA "shall not be construed to prohibit or restrict . . . a person or organization . . . from establishing, sponsoring, observing or administering the terms of a bona fide benefit plan that is not subject to State laws that regulate insurance."  42 U.S.C. § 12201(c).  The safe harbor provision further provides that it "shall not be used as a subterfuge to evade the purposes of subchapters I and III of this chapter."  *Id.*  Thus, under the safe harbor provision, the governing rule is that a covered insurer's disability-based decisions are not prohibited by the ADA; the rule changes only if a litigant can show the necessary subterfuge.  It therefore follows that a plaintiff who challenges the conduct of a covered insurer for violating the ADA or the Rehabilitation Act must plead in his complaint the existence of a subterfuge, for otherwise an employee benefit plan's conduct is not even encompassed within any ADA or Rehabilitation Act prohibition.  Indeed, Plaintiff himself recognized his obligation to allege that Defendants' conduct fell outside the safe harbor provision, given that he amended his complaint to include allegations of subterfuge.

At the same time, however, Plaintiff's added allegations fail sufficiently to plead that Defendants' conduct is a subterfuge to evade the purposes of the ADA and Rehabilitation Act and therefore falls within some applicable prohibition in the ADA and Rehabilitation Act.

Plaintiff contends that allegations concerning the purposes and polices of the Rehabilitation Act are, when juxtaposed against the denial of insurability to wheelchair users, establishes that Defendants have used the safe harbor provision as a subterfuge to evade the purposes of the Rehabilitation Act.  This argument is flawed, for it rests on a fundamental misconception of the concept of subterfuge.  Subterfuge, as defined by the Supreme Court, is "a scheme, plan, stratagem, or artifice of evasion," and in the context of the Rehabilitation Act, exists only where a benefit plan is "actually intended to serve the purposes of discriminating in some non-fringe-benefit aspect of the employment relation." *Betts*, 492 U.S. at 167.  In other words, subterfuge cannot exist without intent on the part of the employer to use the benefit plan as a means to discourage the disabled from seeking federal employment.

Plaintiff has failed adequately to plead that Defendants acted with such intent.  Based upon this Court's application of *Bell Atlantic v. Twombly*, 127 S. Ct. 1955 (2007), a mere allegation that Defendants acted with ill intent without any factual support does not meet minimum pleading requirements.  In *Aktieselskabet AF 21 v. Fame Jeans, Inc.*, Civ. No. 06-585, 2007 U.S. Dist. LEXIS 41270 (D.D.C. June 7, 2007), this Court, applying *Twombly*, deemed insufficient allegations that the defendant intended to prevent the plaintiff from using its trademark, since the statements supporting that allegation were conclusory in nature.  *See Aktieselskabet*, 2007 U.S. Dist LEXIS 41270, at 44 ("Although Bestseller contends that Fame Jeans' application arose from . . . an intent to prevent its rival . . . from exploiting this valuable mark -- it supports this proposition only with conclusory assertions.").  While the plaintiff alleged intent, this Court rejected the plaintiff's allegations as insufficient because the plaintiff did not explain when or by whom knowledge was transmitted to the defendant that could have given it the basis to form its ill intent.  This case is even a far cry from *Aktieselskabet*, because

Plaintiff has not even provided conclusory statements to support its allegation that Defendants acted with intent to discourage the disabled from seeking federal employment.[1]

## II.    PLAINTIFF'S SUPPOSED LACK OF ACCESS TO ACTUARIAL DATA PROVIDES NO BASIS FOR HIM TO AVOID DISMISSAL OF THIS LAWSUIT

Plaintiff's lack of access to actuarial data cannot excuse his failure to factually support his subterfuge allegations.  Whether a sound actuarial basis supports disability-based distinctions has no relevance to the question whether a plaintiff has adequately pled an ADA or Rehabilitation Act claim against an employee benefits plan.  The D.C. Circuit, in *Aramark*, soundly rejected the notion that insurer defendants under the ADA must actuarially justify disability based distinctions.  Noting its prior decision in *Modderno v. King*, 82 F.3d 1059 (D.C. Cir. 1996), the D.C. Circuit in *Aramark* reasoned that a subterfuge to evade the purposes of a statute inherently requires *intent* and therefore "cannot mean merely a lack of actuarial justification."  *Aramark*, 208 F.3d at 271.  The court further noted:  "Indeed, appellants' contention that the safe harbor applies only to plans whose terms are actuarially justified has been rejected not only by *Modderno* but also by *every other circuit* to have considered the issue." *Id.* (emphasis added).  The district court cases from outside this circuit upon which Plaintiff relies cannot overcome the D.C. Circuit's clear precedent to the contrary (or, for that matter, the other circuit precedent).  Because the existence of a subterfuge cannot be proven by demonstrating the absence of an actuarial basis for a disability-based distinction, allowing

---

[1]    Even if Plaintiff had provided adequate factual support for his subterfuge allegations, he would still have failed to state a cognizable claim for relief.  As articulated in OPM's Supplemental Reply and incorporated into LTC Partners' Motion To Dismiss, Plaintiff's subterfuge claim must fail for yet another reason:  Plaintiff, as a current federal employee, lacks standing to allege that his inability to participate in the Federal Long Term Care Insurance Program dissuaded him from seeking federal employment.  Aside from characterizing this argument as specious and meritless without explaining why, Plaintiff has not explained how it is that he has standing to assert subterfuge.

Plaintiff to maintain his claim in hopes of discovering material demonstrating that a wheelchair exclusion lacks an actuarial basis would amount to an exercise in futility.

Plaintiff's tortured interpretation of LTC Partners' statement that it denied his application for insurance due to the high insurance risk posed by wheelchair users does not change this conclusion. Far from conceding that it "bears the burden of demonstrating high insurance risk" (Pl.'s Opp. at 1-2), LTC Partners was simply reiterating that his application was denied because he uses a wheelchair and noting that the exclusion on the face of the application for wheelchair users derives from the high long term care insurance risk posed by wheelchair users. LTC Partners did not and, of course, does not concede that it is obligated to make that actuarial showing; nor could any such a concession matter in light of the D.C. Circuit's holdings in *Modderno* and *Aramark* that insurers need not demonstrate an actuarial justification for disability-based distinctions in order to defeat allegations of discrimination under the ADA and Rehabilitation Act. In fact, under those precedents, even if LTC Partners' wheelchair exclusion had a flawed actuarial basis or none at all, it would not violate the ADA so long as its purpose was not to dissuade the disabled from seeking federal employment.

**III.    PLAINTIFF CANNOT PURSUE A CLAIM FOR DECLARATORY JUDGMENT WHEN NO SUBSTANTIVE CLAIM IN THE COMPLAINT IS COGNIZABLE**

Finally, it appears that Plaintiff has misunderstood LTC Partners' argument that Count III of the Second Amended Complaint, seeking declaratory relief, must be dismissed if the Court dismisses Counts I and II. In response, Plaintiff contends that he has requested declaratory relief in his prayer for relief, and that if the Court dismisses Count III, he can still obtain declaratory relief. However, LTC Partners, relying on precedent that Plaintiff has failed to address, did not seek dismissal of Count III in a vacuum, but argued that it, as a simple request for declaratory relief, could not stand on its own absent some other basis for the lawsuit, which would cease to

exist absent Counts I and II.  Instead of contesting the validity of this argument, Plaintiff accuses

LTC Partners of seeking stand-alone declaratory relief in a complaint that it filed against Plaintiff

in the District Court for the District of Maryland.  The claim in that case, pursued solely at the

invitation of the District Judge in that case initially to sue Plaintiff, was aimed at adjudicating

whether Plaintiff had any cognizable claim at all under the ADA or the Rehabilitation Act, not

on obtaining some sort of independent, free-floating declaratory relief.  In any event, the

proceedings in that case are not pertinent to the current case, having been dismissed for lack of

personal jurisdiction.

<u>**CONCLUSION**</u>

For the foregoing reasons, the Court should grant LTC Partners' motion to dismiss.

Respectfully submitted,

/s/

_____
Anthony F. Shelley (DC Bar No. 420043)
Emmett B. Lewis (DC Bar No. 308627)
MILLER & CHEVALIER CHARTERED
655 15th Street, NW, Suite 900
Washington, DC  20016
Telephone:  202-626-5800
Facsimile:  202-626-5801
*Counsel for Defendant Long Term Care
Partners, LLC*