UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
RALPH ROUSE, JR.,              )
                               )
       Plaintiff,              )
                               )
       v.                      )   Civil Action No. 06-2088 (RWR)
                               )
JOHN BERRY, et al.,            )
                               )
       Defendants.             )
_____)
```

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ralph Rouse, Jr. brings claims against the Director[1] of the Office of Personnel Management ("OPM"), and Long Term Care Partners, LLC ("LTC Partners"), alleging that they violated § 501 and § 504 of the Rehabilitation Act, codified respectively at 29 U.S.C. § 791 and 29 U.S.C. § 794, when Rouse was denied the opportunity to participate in the Federal Long Term Care Insurance Program ("LTCIP").  The Director and LTC Partners have moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), asserting that 1) Rouse has failed to plead a claim upon which relief can be granted under § 501 because he has not alleged sufficient facts to show that the benefits plan is a subterfuge for discrimination, and that 2) Rouse, as a government employee, cannot bring a claim under § 504.  OPM and LTC Partners' motions to dismiss will be granted

---

[1] John Berry is substituted for Linda Springer under Fed. R. Civ. P. 25(d).

-2-

in part and denied in part because Rouse has pled sufficient facts to allege a claim plausibly entitling him to relief under § 501, but he cannot bring a claim under § 504 since he is a federal employee.

## BACKGROUND

Rouse, an employee of the Department of Health and Human Services, applied for long term care insurance through the LTCIP. (Second Am. Compl. ¶¶ 6, 13, 15.)  LTCIP is sponsored by OPM and administered by LTC Partners.  (Id. ¶ 14.)  Rouse has paraplegia and uses a push wheelchair to assist with walking.  (Id. ¶¶ 11-12.)  He revealed this use in his LTCIP application.  (Id. ¶ 16.) The application form stated that an affirmative response to the question of whether he used a medical device, aid, or treatment, such as a wheelchair, would make him ineligible "for any of the insurance options under this program shown in Part F of [the] form."  (Id.)  Rouse submitted his application and later received a letter from LTC Partners denying his coverage because of his wheelchair use.  (Id. ¶¶ 15, 17.)  Rouse brings his action under both § 501 and § 504 of the Rehabilitation Act, claiming that the defendants unlawfully discriminated against him because of his disability when they rejected his LTCIP application.

The OPM Director and LTC Partners have moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6), arguing that Rouse has failed to allege sufficient facts that demonstrate that the

-3-

administration of the plan was a subterfuge to evade the purposes of the Rehabilitation Act under § 501, and that federal employees are prohibited from bringing claims under § 504.  (OPM's Mem. in Supp. of Renewed Mot. to Dis. ("OPM's Mem.") at 7, 16; LTC Partners' Mem. in Supp. of Renewed Mot. to Dis. ("LTC Mem.") at 8, 14.)  Rouse argues that he has pled all the facts necessary to state a claim under § 501 and that, as a "participant in a program or activity conducted by an Executive agency[,]" he also has a cognizable claim under § 504 even though he is a federal employee.  (Pl.'s Mem. in Opp'n to Def. John Berry's Renewed Mot. to Dis. ("Pl.'s OPM Opp'n") at 7, 11-12 (internal quotation marks omitted); Pl.'s Mem. in Opp'n to Def. LTC Partners' Renewed Mot. to Dis. at 7-8.)

DISCUSSION

Section 501 provides a cause of action for federal employees alleging disability discrimination under the Rehabilitation Act, Taylor v. Small, 350 F.3d 1286, 1291 (D.C. Cir. 2003), while § 504 "prohibits a federal agency or a federally funded program from denying benefits to handicapped individuals solely on the basis of their disability." Modderno v. King, 871 F. Supp. 40, 42 (D.D.C. 1994).  The standards under Title I of the Americans with Disabilities Act of 1990 ("ADA") apply when determining whether § 501 and § 504 of the Rehabilitation Act have been violated in a complaint alleging employment discrimination.  See

-4-

29 U.S.C. § 791(g) (applying ADA standards to complaints alleging "nonaffirmative action employment discrimination"); 29 U.S.C. § 794(d).  Under Title I of the ADA, "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."[2]  42 U.S.C. § 12112(a).

I.  SECTION 501

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain only "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  There is ordinarily no need for a plaintiff to plead detailed factual allegations, as the rule simply "'contemplate[s] [a] statement of circumstances, occurrences, and events in support of the claim presented[.]'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 n.3 (2007) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202, at 94 (3d ed. 2004)).  A plaintiff is not required to plead in his complaint all elements of a prima facie case, or "plead law or match facts to every element of a legal theory."  Miller v. Insulations Contractors,

---

[2] Discrimination includes "participating in a contractual or other arrangement or relationship that has the effect of subjecting a covered entity's qualified applicant or employee with a disability to the discrimination prohibited by this subchapter[.]"  42 U.S.C. § 12112(b)(2).

-5-

Inc., 608 F. Supp. 2d 97, 106 (D.D.C. 2009) (quoting Krieger v. Fadely, 211 F.3d 134, 136 (D.C. Cir. 2000) and citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002)) (internal quotation marks and citation omitted).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. at 563.  Accord, Aktieselskabet AF 21. Nov. 2001 v. Fame Jeans Inc., 525 F.3d 8, 15 (D.C. Cir. 2008).  But see Tooley v. Napolitano, 586 F.3d 1006, 1007 (D.C. Cir. 2009) (declining to reject or address the government's argument that Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), invalidated Aktieselskabet).  A complaint should contain enough factual heft to show an entitlement to relief.  Twombly, 550 U.S. at 557. That is, a complaint needs to plead "only enough facts to [nudge] a claim to relief . . . across the line from conceivable to plausible[.]"  Id. at 570.  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 129 S. Ct. at 1950.

In the context of a fairly straightforward employment discrimination complaint, plaintiffs traditionally have not been subject to a heightened pleading standard.  Swierkiewicz, 534

-6-

U.S. at 512.[3]  The D.C. Circuit has long recognized the ease with which a plaintiff claiming employment discrimination can survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted.  "'Because racial discrimination in employment is a claim upon which relief can be granted, . . . "I was turned down for a job because of my race" is all a complaint has to state to survive a motion to dismiss under [Rule] 12(b)(6).'"  Potts v. Howard Univ. Hosp., 258 Fed. Appx. 346, 347 (D.C. Cir. 2007) (quoting Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1115 (D.C. Cir. 2000)).  Rouse raises a straightforward federal employee discrimination claim,[4] and the question is whether his § 501 claim pleads enough facts to set forth a plausible claim.

---

[3] Indeed, Twombly explicitly disavowed any retreat from Swierkiewicz, see Twombly, 550 U.S. at 569-70, and Iqbal did not even discuss Swierkiewicz, much less disavow it.

[4] The factual context of Rouse's complaint presents no complexities such as a Sherman Act conspiracy class action complaint alleging certain anti-competitive parallel conduct but no factual context suggesting agreement as distinct from identical independent action, Twombly, 550 U.S. at 548-49, or a damages claim under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), that high officials entitled to assert a qualified immunity defense directed plaintiff's detention purposefully on account of his race and religion in violation of clearly established law under the Free Exercise Clause of the First Amendment and the Due Process Clause of the Fifth Amendment.  Iqbal, 129 S. Ct. at 1943-45, 1948.

-7-

Despite its general intention to prohibit employment discrimination against disabled individuals as expressed in Title I of the ADA, Congress created an exception so that organizations can sponsor or provide bona fide benefit plans not subject to state insurance laws even if they offer different terms to disabled individuals.  42 U.S.C. § 12201(c)(3) (stating that Title I shall not be construed to prohibit or restrict "a person or organization covered by this chapter from establishing, sponsoring, observing, or administering the terms of a bona fide benefit plan that is not subject to State laws that regulate insurance").[5]  This exception, commonly referred to as a safe harbor provision, allows a bona fide benefits plan to exist even if it would otherwise violate the ADA.  However, the exception does not allow an organization to administer a benefits plan that is "used as a subterfuge to evade the purposes" of the ADA in preventing employment discrimination based on disability.  42 U.S.C. § 12201(c).

The D.C. Circuit has looked to Pub. Employees Ret. Sys. of Ohio v. Betts, 492 U.S. 158, 165 (1989), superceded by statute, Older Workers Benefit Protection Act of 1990, Pub. L. No. 101-433, 104 Stat. 978, as recognized in EEOC v. Aramark Corp., Inc.,

---

[5] The parties agree that of the three exceptions in 42 U.S.C. § 12201(c), exception (c)(3) applies to LTCIP, which is not subject to state laws.  (OPM's Mem. at 7; Pl.'s OPM Opp'n at 8.)

-8-

208 F.3d 266, 271 (D.C. Cir. 2000), which involved a similar exception found in the Age Discrimination in Employment Act of 1967, 81 Stat. 602, as amended, 29 U.S.C. § 621 et seq, for guidance when determining whether a plan is a subterfuge for discrimination.  Modderno v. King, 82 F.3d 1059, 1064 (D.C. Cir. 1996) (applying Betts in the Rehabilitation Act context).  Subterfuge is defined as "'a scheme, plan, strategem, or artiface of evasion,' which . . . connotes a specific 'intent . . . to evade a statutory requirement.'"  Betts, 492 U.S. 158, 171 (1989) (quoting United Air Lines, Inc. v. McMann, 434 U.S. 192, 203 (1977)).  A statutory requirement is evaded where there is "actual intent to discriminate in those aspects of the employment relationship protected" by the ADA.  Betts, 492 U.S. at 181; Aramark Corp., Inc, 208 F.3d at 271 (stating that "[u]nder the ADA, then, "subterfuge to evade" still requires intent").  Betts concluded that "the provisions of a bona fide benefit plan [were exempt] so long as the plan [was] not a method of discriminating in other, non-fringe-benefit aspects of the employment relationship[.]"[6]  Betts, 492 U.S. at 177.  Examples of age-based discrimination in a non-fringe benefit aspect might include an

---

[6] Fringe benefits have been defined to include "'medical, hospital, accident, life insurance and retirement benefits; profit-sharing and bonus plans; leave; and other terms, conditions, and privileges of employment.'"  Krauel v. Iowa Methodist Med. Ctr., 95 F.3d 674, 679 n.6 (8th Cir. 1996) (quoting 29 C.F.R. § 1604.9).

-9-

employer reducing salaries for all employees "while substantially increasing benefits for younger workers[,]" or "an employer adopt[ing] a plan provision formulated to retaliate against" an employee who filed a discrimination complaint. Id. at 180.

While Rouse must establish as part of his prima facie case that the safe harbor is merely a subterfuge, see Betts, 492 U.S. at 181, he need not plead every element of his prima facie claim to survive a motion to dismiss. Swierkiewicz, 534 U.S. at 511 ("This Court has never indicated that the requirements for establishing a prima facie case . . . also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss.").  Therefore, a motion for summary judgment, and not a motion to dismiss, is the proper vehicle by which the defendants may raise their challenges to the sufficiency of Rouse's showing of subterfuge.

However, Rouse's allegations must still give rise to an entitlement to relief in order to survive the motion to dismiss, meaning that he must have pled a factually plausible § 501 claim under the Rehabilitation Act. "Under Title VII, the ADEA, and the Rehabilitation Act, the two essential elements of a[n employment] discrimination claim are that (i) the plaintiff suffered an adverse employment action (ii) because of the plaintiff's race, color, religion, sex, national origin, age, or

-10-

disability." Baloch v. Kempthorne, 550 F.3d 1191, 1196 (D.C. Cir. 2008).

Rouse pled that he "received a letter from [LTC Partners], stating that he was denied coverage because he answered that he used a wheelchair[.]" (Second Am. Compl. ¶ 17.) This factual assertion plausibly alleges the adverse employment action prong of Rouse's discrimination claim. See Greer v. Paulson, 505 F.3d 1306, 1317 (D.C. Cir. 2007) (noting that a diminution in benefits qualifies as an adverse employment action). It also satisfies the second material element of an employment discrimination claim -- that the defendant took action because of a prohibited consideration. Unlike what the plaintiff pled in Iqbal, Rouse has not merely parroted the legal elements of the claim in his complaint. He has made a factual allegation that provides independent corroboration of his belief that LTC Partners denied his coverage on the basis of his disability, and that allegation is entitled to a presumption of truth. Cf. Twombly, 550 U.S. at 555 (noting that "on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'" (quoting Papasan v. Allain, 478 U.S. 265, 286

(1986))).[7]  Thus, Rouse has stated a claim of employment discrimination under § 501 of the Rehabilitation Act.

II.  SECTION 504

Section 504 of the Rehabilitation Act prohibits "discrimination . . . under any program or activity conducted by any Executive Agency[.]"  29 U.S.C. § 794(a).  The D.C. Circuit does not recognize a cause of action under § 504 for federal employees claiming employment discrimination.  Taylor, 350 F.3d at 1291 ("[B]ecause the Congress addressed discrimination against Government employees . . . in § 501, it is highly unlikely the Congress meant to address the subject again in § 504.").  Rouse attempts to distinguish Taylor on the grounds that although he is a federal employee, he is also a potential participant in the long-term insurance benefit program, which is administered by OPM, an executive agency.  (Pl.'s OPM Opp'n at 6-7.)  This distinction, however, is unavailing, as Rouse's entitlement to participate in the program stems entirely from his status as a federal employee.  Participation in the program is a benefit for OPM employees, and any disparate treatment in its administration, then, is employment discrimination.  Section 504 does not provide Rouse an "alternative route for relief under the Rehabilitation

---

[7] In any event, Rouse has pled sufficient facts in support of his claim of discrimination to satisfy any fair reading of pleading requirements articulated in Sparrow, Swierkiewicz, Twombly, or Iqbal.

Act" for an employment discrimination claim.  <u>Taylor</u>, 350 F.3d at 1291 (quoting <u>Rivera v. Heyman</u>, 157 F.3d 101, 104 (2d Cir. 1998)).  Count II will therefore be dismissed.[8]

## CONCLUSION AND ORDER

Because Rouse has pled facts demonstrating that he suffered an adverse employment event because of his disability, he has established a claim under § 501 even without establishing that the administration of the benefits plan is a subterfuge for discrimination.  However, he cannot bring a claim under § 504 because but for his status as a federal employee, he would not be eligible to participate in the benefits program.  Accordingly, it is hereby

ORDERED that the OPM Director's and LTC Partners' motions [32, 33] to dismiss be, and hereby are, DENIED as to Counts I and III, and GRANTED as to Count II.  It is further

ORDERED that the parties confer and file by February 12, 2010 a joint status report and proposed order reflecting three mutually agreeable dates on which to hold a scheduling conference.

---

[8] The defendants also argue that since Counts I and II must be dismissed, the request for a declaratory judgment in Count III based upon the violations alleged in Counts I and II must be dismissed.  Since Count I survives, Count III will not be dismissed.

-13-

SIGNED this 29th day of January, 2010.

                                    _____/S/_____
                                    RICHARD W. ROBERTS
                                    United States District Judge